**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Hooper Holmes, Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | **d/b/a Provant  Health** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **22-1659359** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | Principal place of business | Mailing address, if different from principal place of business |
| | | **560 N. Rogers Road**<br>**Olathe, KS 66062**<br>Number, Street, City, State & ZIP Code | _____<br>P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Johnson**<br>County | Location of principal assets, if different from principal place of business |
| | | | _____<br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.provanthealth.com/hooperholmes** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor   **Hooper Holmes, Inc.**                                    Case number (*if known*) _____
         Name

**7.   Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
**5419**

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**   ■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10.   Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**   ☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

Debtor   **See Rider 1** _____   Relationship   **Affiliate** _____

District   **Southern District of New York** _____   When _____   Case number, if known _____

Debtor   **Hooper Holmes, Inc.**                                            Case number (*if known*) _____
      Name

**11. Why is the case filed in** *Check all that apply:*
**this district?**

☑   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or**   ☑ No
**have possession of any**   ☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.
**real property or personal**
**property that needs**
**immediate attention?**
   **Why does the property need immediate attention?** (*Check all that apply.*)

   ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____

   ☐ It needs to be physically secured or protected from the weather.

   ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

   ☐ Other _____

   **Where is the property?** _____
                           Number, Street, City, State & ZIP Code

   **Is the property insured?**

   ☐ No

   ☐ Yes.   Insurance agency   _____
            Contact name      _____
            Phone             _____

■    **Statistical and administrative information**

**13. Debtor's estimation of**    .   *Check one:*
**available funds**
   ☑ Funds will be available for distribution to unsecured creditors.

   ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of**   ☐ 1-49                ☐ 1,000-5,000          ☐ 25,001-50,000
**creditors**            ☐ 50-99               ☐ 5001-10,000          ☐ 50,001-100,000
                        ☐ 100-199             ☐ 10,001-25,000        ☐ More than100,000
                        ■ 200-999

**15. Estimated Assets**   ☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
                        ☐ $50,001 - $100,000        ■ $10,000,001 - $50  million       ☐ $1,000,000,001 - $10 billion
                        ☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                        ☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

**16. Estimated liabilities**   ☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
                        ☐ $50,001 - $100,000        ■ $10,000,001 - $50  million       ☐ $1,000,000,001 - $10 billion
                        ☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                        ☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

| Debtor | **Hooper Holmes, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    8/27/2018
                    MM / DD / YYYY

*X* /s/ Kevin Johnson                                     Kevin Johnson
Signature of authorized representative of debtor          Printed name

Title    **Chief Financial Officer**

---

**18. Signature of attorney**

*X* /s/ Richard James Bernard                             Date   08/27/2018
Signature of attorney for debtor                                 MM / DD / YYYY

**Richard James Bernard 4047056**
Printed name

**Foley & Lardner - New York**
Firm name

**90 Park Avenue**
**New York, NY 10016-1314**
Number, Street, City, State & ZIP Code

Contact phone   **212-682-7474**          Email address   **rbernard@foley.com**

**4047056 NY**
Bar number and State

Fill in this information to identify your case:

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number *(if known)*                                    Chapter    __11__

☐ Check if this an
   amended filing

## Rider 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Hooper Holmes, Inc.

- Hooper Holmes, Inc.
- Hooper Distribution Services, LLC
- Hooper Wellness, LLC
- Accountable Health Solutions, LLC
- Hooper Information Services, Inc.
- Hooper Kit Services, LLC
- Provant Health Solutions, LLC

**Official Form 201A (12/15)**

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## Southern District of New York

In re   **Hooper Holmes, Inc.**                                          Case No.
Debtor(s)                                    Chapter    **11**

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1.  If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   **001-09972**   .

2.  The following financial data is the latest available information and refers to the debtor's condition on   **June 30, 2018**   .

    a. Total assets                                                              $                **30,232,000.00**

    b. Total debts (including debts listed in 2.c., below)                       $                **46,839,000.00**

    c. Debt securities held by more than 500 holders:

|  |  |  |  |  | | Approximate number of holders: |
|---|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |

    d. Number of shares of preferred stock                    **0**                **0**

    e. Number of shares common stock                **26,768,498**[1]                **690**

    Comments, if any:

3. Brief description of Debtor's business:
   The Debtor provides comprehensive health and wellbeing services to private and government customers via a network of health professionals throughout the country.  The Debtors' services include on-site screening services and flu shots, laboratory testing, health risk assessment, sample collections services, and health coaching to support positive health risk migration. The Debtor is headquartered in Olathe, Kansas, but its operations are extensive and span across the United States.

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **WH-HH Holdings, LLC (46.77%); John Pappajohn (8.02%)**

---

[1]**As of July 31, 2018.**

**Fill in this information to identify the case:**

Debtor Name:    HOOPER HOLMES, INC., et al

United States Bankruptcy Court for the:    Southern District of New York

Case Number (If known):    18-_____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MOORE MEDICAL 1690 NEW BRITAIN AVE FARMINGTON, CT 06032 | PHONE: 800-234-1464 mmregulatoryaffairs@moore medical.com | TRADE DEBT | | $4,044,334.66 | | $4,044,334.66 |
| 2 | CANTOR FITZGERALD & CO. 110 EAST 59TH ST., 7TH FL NEW YORK, NY 10022 | CONTACT: DAVID A. PAUL PHONE: 212-610-2298 dpaul@cantor.com | LITIGATION | CUD | $3,961,000.00 | | $3,961,000.00 |
| 3 | MINUTECLINIC DIAGNOSTIC ONE MINUTECLINIC DRIVE, MAIL STOP: 100 SVD WOONSOCKET, RI 02895 | CONTACT: ANNE LIGHTFOOT PHONE: 866-389-2727 FAX: 401-216-0166 VACCINECONTRACTING@CVS CAREMARK.COM | TRADE DEBT | | $1,582,139.45 | | $1,582,139.45 |
| 4 | LABORATORY CORPORATION LAW DEPARTMENT 531 SOUTH SPRING STREET BURLINGTON, NC 27215 | CONTACT: PAMELA EDWARDS PHONE: 336-229-1127 | TRADE DEBT | | $1,412,622.75 | | $1,412,622.75 |
| 5 | SPENCER FANE BRITT & BROWNE 1000 WALNUT ST STE 1400 KANSAS CITY, MO 64106 | CONTACT: NATHAN A. ORR PHONE: 816-474-8100 FAX: 816-474-3216 NORR@SPENCERFANE.COM | TRADE DEBT | | $830,677.17 | | $830,677.17 |
| 6 | ABRIELLA LANIER C/O BALTODANO & BALTODANO LLP 733 MARSH ST., STE 110 LOS ANGELES, CA 90071 | CONTACT: HERNALDO J. BALTODANO PHONE: 805-322-3412 FAX: 805-322-3413 INFO@BALTODANOFIRM.COM | SETTLEMENT AGREEMENT | | $750,000.00 | | $750,000.00 |
| 7 | OPTISOM, LLC 2525 CAMINO DEL RIO SOUTH #270 SAN DIEGO, CA 92108 | PHONE: 619-299-6299 info9@optisom.com | TRADE DEBT | | $658,419.26 | | $658,419.26 |

**Debtor:** HOOPER HOLMES, INC., et al                           **Case Number** (if known):  18-____  01

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | CLINICAL REFERENCE LABORATORY 8433 QUIVIRA RD LENEXA, KS  66215 | PHONE: 913-492-3652 FAX: 913-492-6753 | TRADE DEBT | | $598,074.26 | | $598,074.26 |
| 9 | ENGAGE2EXCEL 149 CRAWFORD ROAD STATESVILLE, NC  28625 | CONTACT: EMILY GATTON PHONE: 508-222-2900 FAX: 508-222-7089 | TRADE DEBT | | $581,573.27 | | $581,573.27 |
| 10 | HENRY DUBOIS 894 CENTRILLION DRIVE MCLEAN, VA  22102 | PHONE: 703-942-5488 | EMPLOYMENT AGREEMENT | | $429,000.00 | | $429,000.00 |
| 11 | HANSON MEDICAL SYSTEMS 1954 HOWELL BRANCH ROAD SUITE 203 WINTER PARK, FL  32792 | PHONE: 407-671-3883 FAX: 407-671-4403 abrown@hansonmed.com | LITIGATION | D | $315,961.34 | | $315,961.34 |
| 12 | BLUE CROSS BLUE SHIELD OF KC 2301 MAIN STREET KANSAS CITY, MO  64108 | PHONE: 816-395-3558 | TRADE DEBT | | $286,561.67 | | $286,561.67 |
| 13 | WELLNESS CORPORATE SOLUTIONS PO BOX 56346 ATLANTA, GA  30343 | PHONE: 301-229-7555 info@wellnesscorporatesolut ions. Com | TRADE DEBT | | $285,798.21 | | $285,798.21 |
| 14 | UNITED PARCEL SERVICE ATTN: CONTRACTS 12380 MORRIS RD ALPHARETTA, GA  30005 | CONTACT: FELICIA ADKINS PHONE: 630-213-9450 | TRADE DEBT | | $259,458.40 | | $259,458.40 |
| 15 | QUEST DIAGNOSTICS 550 WEST PEACHTREE STREET NORTHWES STE 1775 ATLANTA, GA  30308 | PHONE: 404-221-0973 | TRADE DEBT | | $253,665.00 | | $253,665.00 |
| 16 | FEDEX THREE GALLERIA TOWER 13155 NOEL ROAD DALLAS, TX  75240 | CONTACT: ATTN: GENERAL COUNSEL PHONE: 412-391-2014 LEGAL.CAESALES@FEDEX.CO M | TRADE DEBT | | $222,661.95 | | $222,661.95 |
| 17 | AMERICAN EXPRESS 1321 COMMERCE ST DALLAS, TX  75202 | PHONE: 214-742-8200 | TRADE DEBT | | $173,405.26 | | $173,405.26 |
| 18 | STEVEN BALTHAZOR 3092 NOBLE COURT BOULDER, CO  80301 | PHONE: 1-800-528-2122 | EMPLOYMENT AGREEMENT | | $142,811.48 | | $142,811.48 |
| 19 | SALESFORCE.COM INC THE LANDMARK @ ONE MARKET SUITE 300 SAN FRANCISCO, CA  94105 | PHONE: 1-888-747-9736 | TRADE DEBT | | $142,571.72 | | $142,571.72 |
| 20 | ZIPONGO, INC. 901 BATTERY ST., STE 250 SAN FRANCISCO, CA  94111 | CONTACT: SCOTT E. SMITH PHONE: 415-729-5433 SCOTT.SMITH@ZIPONGO.CO M | TRADE DEBT | | $141,611.60 | | $141,611.60 |
| 21 | HALLMARK 2501 MCGEE TRAFFICWAY, MD 510 KANSAS CITY, MO  64141 | CONTACT: LEA SCOTT PHONE: 816-274-3524 LEA.SCOTT@HALLMARK.CO M | TRADE DEBT | | $132,625.50 | | $132,625.50 |

**Debtor:** HOOPER HOLMES, INC., et al                    **Case Number** (if known): 18-____ 01

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22  RICHA AHUJA C/O KLEIN LAW GROUP, LLP 4 EMBARCADERO CTR, STE 3900 SAN FRANCISCO, CA 94111 | CONTACT: ALEXEI KUCHINSKY PHONE: 415-693-9107 FAX: 415-693-9222 | SETTLEMENT AGREEMENT | | $120,050.00 | | $120,050.00 |
| 23  ALLIED GLOBAL SERVICES, LLC 10901 W 84TH TERR #220 LENEXA, KS 66214 | PHONE: 913-253-7000 | TRADE DEBT | | $119,881.69 | | $119,881.69 |
| 24  GRANT THORNTON LLP 33960 TREASURY CENTER CHICAGO, IL 60694-3900 | PHONE: (703) 847-7500 FAX: (703) 848-9580 | TRADE DEBT | | $114,340.00 | | $114,340.00 |
| 25  COLLEGE CROSSING EFGH, LLC C/O POLSINELLI PC 6201 COLLEGE BLVD, STE 500 OVERLAND PARK, KS 66211 | CONTACT: KELLY D. STOHS PHONE: 913-234-7512 FAX: 913-451-6205 KSTOHS@POLSINELLI.COM | SETTLEMENT AGREEMENT | | $111,650.00 | | $111,650.00 |
| 26  ND DATA GROUP OF RI 1459 STUART ENGLAS BLVD SUITE 303 MOUNT PLEASANT, SC 29464 | CONTACT: TOM ANDERSON PHONE: 843-284-0080 | TRADE DEBT | | $105,075.25 | | $105,075.25 |
| 27  NETANIUM 116 JOHN STREET SUITE 110 LOWELL, MA 1852 | CONTACT: JUSTIN SAKOVITZ PHONE: 1-888-638-6638 JSAKOVITZ@NETANIUM.COM | TRADE DEBT | | $101,293.60 | | $101,293.60 |
| 28  NYSE MARKET 11 WALL STREET NEW YORK, NY 10005 | PHONE: 1-212-656-5505 | TRADE DEBT | | $93,281.48 | | $93,281.48 |
| 29  ELIASSEN GROUP LLC 55 WALKERS BROOK DRIVE 6TH FLOOR READING, MA 1867 | PHONE: 800-354-2773 solutions@eliassen.com | TRADE DEBT | | $91,960.00 | | $91,960.00 |
| 30  AT&T CORP. ONE AT&T WAY, ROOM 3A176 BEDMINSTER, NJ 07921 | CONTACT: KAREN CAVAGNARO PHONE: 908 234-6150 KM1426@ATT.COM | SETTLEMENT | | $91,824.90 | | $91,824.90 |

# United States Bankruptcy Court
## Southern District of New York

In re:  **Hooper Holmes, Inc.**

Debtor(s)

Case No.    **18-xxxxx1**

Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS [1]

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure for filing in this Chapter 11 Case.

| Name and last known address or place of | Security Class | Number of Securities | Kind of Interest | Ownership Percentage |
|---|---|---|---|---|
| **FRANK BAZOS** C/O HOOPER HOLMES, INC. 560 N. ROGERS ROAD OLATHE, KS  66286 | **Common Stock** | **68,600** | **Common** | **Less than 1%** |
| **JAMES FOREMAN** C/O HOOPER HOLMES, INC. 560 N. ROGERS ROAD OLATHE, KS  66286 | **Common Stock** | **68,600** | **Common** | **Less than 1%** |
| **JOHN PAPPAJOHN** 666 WALNUT STREET SUITE 2116 DES MOINES IA 50309 | **Common Stock** | **2,145,930** | **Common** | **8.02%** |
| **LARRY R FERGUSON** C/O HOOPER HOLMES, INC. 560 N. ROGERS ROAD OLATHE, KS  66286 | **Common Stock** | **139,976** | **Common** | **Less than 1%** |
| **PAUL DAOUST** C/O HOOPER HOLMES, INC. 560 N. ROGERS ROAD OLATHE, KS  66286 | **Common Stock** | **189,873** | **Common** | **Less than 1%** |
| **RONALD V APRAHAMIAN** C/O HOOPER HOLMES, INC. 560 N. ROGERS ROAD OLATHE, KS  66286 | **Common Stock** | **758,056** | **Common** | **2.83%** |
| **THOMAS WATFORD** C/O HOOPER HOLMES, INC. 560 N. ROGERS ROAD OLATHE, KS  66286 | **Common Stock** | **119,832** | **Common** | **Less than 1%** |
| **WH-HH HOLDINGS LLC** C/O CENTURY EQUITY PARTNERS LLC 100 FEDERAL STREET 29TH FLOOR BOSTON MA 02110 | **Common Stock** | **12,519,259** | **Common** | **46.77%** |

[1]  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.   All equity positions listed are as of July 31, 2018.   By the Debtors' *Motion for an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs, and (II) Waiving Requirements to File List of Equity Holders* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under rule 1007 to file a list of all of its equity security holders.

**Sheet 1 of 1 in List of Equity Security Holders**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- ---x

In re:                                                        :     Chapter 11
                                                             :
HOOPER HOLMES, INC.                                          :     Case No. 18-____  (___)
                                                             :
                Debtor.                                      :
                                                             :
----------------------------------------------------------x

### CORPORATE OWNERSHIP STATEMENT

      Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| WH-HH Holdings LLC | 46.77% |

**Fill in this information to identify the case:**

Debtor name    **Hooper Holmes, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/27/2018

X **/s/ Kevin Johnson**
Signature of individual signing on behalf of debtor

**Kevin Johnson**
Printed name

**Chief Financial Officer**
Position or relationship to debtor

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

## RESOLUTIONS ADOPTED BY UNANIMOUS WRITTEN CONSENT
## OF THE BOARD OF DIRECTORS OF
## HOOPER HOLMES, INC.

The undersigned, constituting all the members of the Board of Directors (the "Directors") of Hooper Holmes, Inc. (the "Corporation"), hereby adopt the following resolutions as of August 27, 2018:

**WHEREAS**, Frank Bazos, Jim Foreman, and Tom Watford all submitted their written resignations from the Board, effective August 26, 2018; and

**WHEREAS**, the Directors have considered the financial condition and circumstances of the Corporation and its direct and indirect subsidiaries, including without limitation the assets and liabilities of the Corporation and its operational performance; and

**WHEREAS**, the Directors have reviewed, considered and received the recommendations of the officers of the Corporation and the Corporation's professional advisors as to the relative risks and benefits of bankruptcy proceedings; and

**WHEREAS**, the Directors have made the informed determination that there is no viable alternative to bankruptcy proceedings, and that it is in the best interests of the Corporation and its subsidiaries, creditors, and other interested parties, including, but not limited to the creditors of the Corporation's subsidiaries, to file voluntary petitions (the "Voluntary Petitions") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

## 1.    Reduction of Size of Board

**NOW, THEREFORE, BE IT RESOLVED**, that the resignations of Mr. Bazos, Mr. Foreman, and Mr. Watford are accepted, and the size of the Board is hereby reduced to three directors.

## 2.    Filing of Voluntary Petitions

**RESOLVED**, that the Directors hereby find, determine and conclude that it is desirable and in the best interests of the Corporation and its subsidiaries and its shareholders, creditors, and other interested parties, including the creditors of the Corporation's subsidiaries that the Voluntary Petitions seeking relief under the Bankruptcy Code be filed by the Corporation and its subsidiaries in the United States, and the filing of the Voluntary Petitions is authorized hereby as and in the manner described below.

## 3.    Appointment of Authorized Individuals

**RESOLVED**, that Mark Clermont and any officer of the Corporation (the "Authorized Individuals") be, and hereby are, each authorized to take such actions on behalf of the Corporation as are described below.

4.     **Actions by Authorized Individuals**

**RESOLVED**, that the Directors hereby authorize and empower any of the Authorized Individuals to execute and verify the Voluntary Petitions in the name of the Corporation and its filing subsidiaries under chapter 11 of the Bankruptcy Code, and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Individual(s) executing the Voluntary Petitions on behalf of the Corporation and its subsidiaries shall determine, and to take such other actions at such times as any of the Authorized Individuals deem necessary, appropriate or desirable to cause the preparation and filing of the Voluntary Petitions, schedules, statements of financial affairs, lists, affidavits, pleadings and other papers or documents, and to take any and all actions which any of the Authorized Individuals deem necessary or proper for and on behalf of the Corporation to obtain relief under the Bankruptcy Code, including without limitation depositing the executed Voluntary Petitions, schedules, statement of financial affairs, lists, affidavits, pleadings and other papers or documents in the custody of the law firm of Foley & Lardner LLP ("Foley & Lardner"), to be held in trust until such time as any of the Authorized Individuals instructs Foley, either orally or in writing, to file the Voluntary Petitions and schedules, statements of financial affairs, lists, affidavits, pleadings and other papers or documents; provided, however, that the filing of such Voluntary Petitions shall be conditioned upon: (i) completion of DIP financing agreements, or (ii) the filing of an involuntary petition or a direct threat of filing an involuntary petition by creditors who have already organized themselves to file such an involuntary petition; and provided, further, that the filing of such Voluntary Petitions shall be timed, if feasible, so as to minimize disruption in the performance of employee duties; and be it

**FURTHER RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized and empowered on behalf of, and in the name, of the Corporation to take such actions as any of them deem necessary, appropriate, advisable or desirable to pursue and maximize the benefits of the Corporation's restructuring in chapter 11, including without limitation making arrangements for use of cash collateral and/or entering into arrangements for new financing, refinancing, and debtor-in-possession financing, in such amounts, with such interest rates and with such maturities as any of the Authorized Individuals may determine in their discretion; and be it

**FURTHER RESOLVED**, that if a chapter 11 case is commenced, and after consultation with and subject to the approval of the Directors, the Authorized Individuals be, and each of them hereby is, authorized and empowered on behalf of, and in the name of, the Corporation to take such actions as any of them deem necessary, appropriate, advisable or desirable to pursue and maximize the benefits of the Corporation's restructuring in chapter 11, including without limitation: (a) pursuing and consummating any sale or sales of the Corporation's assets any of them deem necessary or appropriate, and (b) developing, negotiating, confirming, and performing under a bankruptcy plan of reorganization or liquidation, and negotiating, executing and delivering on behalf of the Corporation any and all agreements, instruments, and related documents that, in the judgment and discretion of any of the Authorized Individuals are necessary, appropriate, advisable, or desirable for pursuing and consummating such sale or sales of the Corporation's assets or for such development, negotiation, and confirmation of, and performance under, such a bankruptcy plan of reorganization or liquidation, including without limitation executing asset purchase agreements, plans, and related documents; and be it

**FURTHER RESOLVED**, that the Authorized Individuals be, and each of them hereby is authorized to employ the law firm of Foley & Lardner as general bankruptcy counsel to the Corporation and its direct and indirect subsidiaries, and to represent and assist the Corporation and its direct and indirect subsidiaries in considering restructuring alternatives and in filing the Voluntary Petitions under chapter 11 of the Bankruptcy Code and to take any and all actions to advance the Corporation's rights (including, but not limited to, advising the Corporation and/or its subsidiaries with respect to the possible sale of assets; advising the Corporation and/or its subsidiaries regarding general corporate matters; representing and advising the Corporation and/or its subsidiaries in litigation; advising the Corporation and/or its subsidiaries in state and federal regulatory matters; advising the Corporation and/or its subsidiaries regarding finance matters; advising the Corporation and/or its subsidiaries regarding securities law matters; advising the Corporation and/or its subsidiaries regarding labor and employment matters; and advising the Corporation and/or its subsidiaries regarding intellectual property matters), and, in connection therewith, the Authorized Individuals are authorized and directed to pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Foley & Lardner; and be it

**FURTHER RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized to employ Halperin Battaglia Benzija, LLP ("Halperin") as conflicts counsel to the Corporation and its direct and indirect subsidiaries, and to represent and assist the Corporation and its direct and indirect subsidiaries as conflicts counsel in connection with any chapter 11 case and to take any and all actions to advance the Corporation's rights in the event that Foley & Lardner is unable to represent the Corporation and its direct and indirect subsidiaries due to any conflicts, and, in connection therewith, the Authorized Individuals are authorized and directed to pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Halperin; and be it

**FURTHER RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized to employ Spencer Fane LLP ("Spencer Fane") as securities counsel to the Corporation and its direct and indirect subsidiaries, and to represent and assist the Corporation and its direct and indirect subsidiaries in considering corporate governance matters and to advise on such other matters as requested by the Corporation's Board of Directors, and, in connection therewith, the Authorized Individuals are authorized and directed to pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Spencer Fane; and be it

**FURTHER RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized to employ Epiq Corporate Restructuring, LLC ("Epiq") as the notice, claims, solicitation, and balloting agent in connection with the chapter 11 case commenced by the Corporation and/or its direct and indirect subsidiaries under chapter 11 of the Bankruptcy Code, and in connection therewith, the Authorized Individuals are authorized and directed to pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and be it

**FURTHER RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized to employ Phoenix Management Services ("Phoenix") as financial advisor, to represent and assist the Corporation and its direct and indirect subsidiaries in considering restructuring alternatives, undertaking sales of assets, obtaining financing, and carrying out its

duties under the Bankruptcy Code, and in connection therewith, the Authorized Individuals are authorized to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Phoenix, including, without limitation, pursuant to Section 363 of the Bankruptcy Code; and be it

**FURTHER RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized to employ Raymond James & Associates, Inc. ("Raymond James") as investment banker and financial adviser, to represent and assist the Corporation in considering restructuring alternatives, undertaking sales of assets, obtaining financing, and carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Individuals are authorized to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Raymond James, including, without limitation, pursuant to Section 327 of the Bankruptcy Code; and be it

**FURTHER RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized to employ any additional financial advisors, attorneys, or consultants to the Corporation as the Authorized Individuals deem necessary, appropriate, advisable or desirable to represent and assist the Corporation in considering restructuring alternatives and carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Individuals are authorized to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and cause to be filed appropriate applications for authority to retain the services of such additional professionals; and be it

**FURTHER RESOLVED**, that the Authorized Individuals (and such Directors of the Corporation or such officers, managers, or agents of subsidiaries as the Authorized Individuals may from time to time designate) be, and each of them hereby is, authorized and empowered, in the name of, and on behalf of the Corporation and its direct and indirect subsidiaries: (a) to take or cause to be taken any and all such other and further actions; (b) to do and perform, or cause to be done or performed, all such acts and things; (c) to negotiate, execute and deliver, or cause to be negotiated, executed or delivered, all such further papers, pleadings, documents and instruments of any type and description; and (d) to pay, or cause to be paid, any and all fees, charges and costs of any type or description, all of which may be, or may be deemed to be, necessary, appropriate, advisable, or desirable to effect the purposes and intent of the foregoing resolutions, the necessity, propriety, advisability, or desirability of which shall be conclusively evidenced by the Authorized Individuals' taking, or causing to be taken, any such action, doing and performing, or causing to be done or performed, any such act or thing, executing and delivering, or causing to be executed and delivered, any such papers, pleadings, documents, or instruments, or paying, or causing to be paid, any such fees, charges and costs; and the execution by any of such officers of any such papers, pleadings, documents or instruments, or the doing by any of them of any act or thing in connection with any of the matters or things contemplated by, arising out of or in connection with, or otherwise relating in any manner whatsoever, the subject of the resolutions set forth above, shall conclusively establish their authority therefor from the Corporation and the approval and ratification by the Corporation of any and all papers, pleadings, documents, and instruments so executed and delivered, and any and all action so taken, done or performed.

5. <u>**Asset Sale**</u>

**WHEREAS**, the Corporation intends to sell substantially all of the assets of the Corporation and its direct and indirect subsidiaries in connection with the chapter 11 case commenced by the Corporation and/or its direct and indirect subsidiaries under chapter 11 of the Bankruptcy Code pursuant to that certain Asset Purchase Agreement by and among Summit Health, Inc. and the Corporation and its direct and indirect subsidiaries, along with any ancillary documents and agreements thereto in substantially the form reviewed by the Board in connection with these resolutions (collectively, the "<u>Purchase Agreement</u>"), which Purchase Agreement shall be subject to higher and better bids at an auction, if necessary, and Bankruptcy Court approval;

**WHEREAS**, the Directors hereby find, determine, and conclude that it is desirable and in the best interests of the Corporation and its subsidiaries and its shareholders, creditors, and other interested parties, including the creditors of the Corporation's subsidiaries that the Authorized Individuals execute and enter into the Purchase Agreement on behalf of the Corporation and its direct and indirect subsidiaries;

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized to execute and enter into the Purchase Agreement on behalf of the Corporation and its direct and indirect subsidiaries and sell substantially all of the Corporation's assets free and clear of all liens, claims and encumbrances under Section 363 of the Bankruptcy Code, subject to higher and better bids at an auction, if necessary, and Bankruptcy Court approval, as may be required by the Bankruptcy Code, and as may be deemed necessary and proper in connection with the chapter 11 case by any of the Authorized Individuals; and be it

**FURTHER RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized to execute, verify and/or file or cause to be filed and or executed or verified (or direct others to do so on their behalf as provided herein) all necessary documents including, without limitation, all schedules, motions, lists, pleadings and other papers, including, without limitation, a motion to sell some or substantially all of the Corporation's assets under Section 363 of the Bankruptcy Code, and to take any and all actions which they deem necessary and proper in connection with the consummation of sale contemplated by the Purchase Agreement.

6. <u>**Prior Related Acts**</u>

**RESOLVED**, that all of the acts and transactions of the Directors and the Authorized Individuals relating to matters contemplated by the foregoing resolutions, taken in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to execution of these resolutions, are hereby in all respects confirmed, approved, and ratified.

**7.**     **<u>Maintenance of Liquidity</u>**

**RESOLVED**, that the Corporation shall use best efforts to maintain liquidity to meet newly incurred obligations.

[signatures on next page]

**BOARD OF DIRECTORS**

Ronald V. Aprahamian

Paul Daoust

Larry Ferguson

[Signature Page to Resolutions Adopted by Unanimous Consent of

**BOARD OF DIRECTORS**

---

Ronald V. Aprahamian

---

Paul Daoust

---

Larry Ferguson

[Signature Page to Resolutions Adopted by Unanimous Consent of
the Board of Directors of Hooper Holmes, Inc.]

**BOARD OF DIRECTORS**

_____

Ronald V. Aprahamian


_____

Paul Daoust


_____

Larry Ferguson