**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

In re:                                                          :    Chapter 11
                                                                :
HOOPER HOLMES, INC.                                             :
D/B/A PROVANT HEALTH, *et al.*,                                 :    Case No. 18-23302 (RDD)
                                                                :
                    Debtors.[1]                                 :    (Jointly Administered)
                                                                :
-----------------------------------------------------------------x

## ORDER (I) PRELIMINARILY APPROVING DISCLOSURE STATEMENT, (II) APPROVING SOLICITATION PROCEDURES ON A FINAL BASIS, (III) SCHEDULING A COMBINED HEARING TO CONSIDER (A) FINAL APPROVAL OF DISCLOSURE STATEMENT AND (B) CONFIRMATION OF JOINT PLAN OF LIQUIDATION, AND (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES TO <u>DISCLOSURE STATEMENT APPROVAL AND PLAN CONFIRMATION</u>

Upon the request of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of an order (this "<u>Order</u>")[2] (i) approving the Debtors' disclosure statement for their chapter 11 plan of liquidation (as amended from time to time, the "<u>Disclosure Statement</u>") on a preliminary basis, (ii) approving the proposed procedures for the solicitation of votes, voting, and form of ballots with respect to their chapter 11 plan of liquidation (collectively, the "<u>Solicitation Procedures</u>") on a final basis, (iii) scheduling a combined hearing (the "<u>Joint Hearing</u>") to consider (a) final approval of the Disclosure Statement and (b) confirmation of the Debtors' joint plan of liquidation (as amended from time to time, the "<u>Plan</u>"); (iv) establishing an objection deadline to object to the adequacy of the Disclosure Statement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Hooper Holmes, Inc. (9359); Hooper Distribution Services, LLC (6838); Hooper Wellness, LLC (6005); Accountable Health Solutions, LLC (9625); Hooper Information Services, Inc. (4927); Hooper Kit Services, LLC (8378); and Provant Health Solutions, LLC (8511).  The location of the Debtors' corporate headquarters is 560 N. Rogers Road, Olathe, KS 66286.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

and/or confirmation of the Plan, and (v) approving the form and manner of notice thereof; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012, and that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the hearing held by the Court on December 21, 2018 on the foregoing request, at which the Court provided counsel for the Debtors with questions and comments on the proposed Disclosure Statement and Plan; and the Debtors having filed their amended proposed Plan [Dkt. No. 318] and amended proposed Disclosure Statement [Dkt. No. 319] on December 28, 2018; and the Court having determined, after due deliberation, that such amendments adequately address the Court's prior comments and questions and that the Debtors should be entitled to solicit acceptances of the Plan, subject to final approval of the Disclosure Statement, on the terms of this Order; and the Court having further found that the relief granted hereby is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases establish just cause for the relief granted herein; now, therefore, it is hereby

**FOUND AND DETERMINED THAT:**

A.      On a preliminary basis, the Disclosure Statement complies with the requirements of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") and contains "adequate information" as such term is defined in section 1125 of the Bankruptcy Code. Accordingly, the Debtors should be permitted to solicit acceptances of the Plan, subject to final

approval of the Disclosure Statement, and to have a joint hearing on their request for final approval of the Disclosure Statement and confirmation of the Plan as set forth herein.

B.       The form of the ballots (the "Ballots") attached hereto as **Exhibit D** and **Exhibit E** are consistent with Official Form 314, address the particular needs of these chapter 11 cases, and are appropriate for each Class of Claims entitled to vote to accept or reject the Plan.  The voting instructions attached to each Ballot contain adequate information to instruct all Holders of Claims in Classes 3, 4, and 5 how to vote.

C.       Holders of Claims in Class 1 (Priority Non-Tax Claims), Class 2 (Miscellaneous Secured Claims), Class 7A (Century Claims), and Class 7B (Other Subordinated Claims) and Holders of Interests in Class 6 (Interests) (collectively, the "Non-Voting Classes") are conclusively presumed to accept or deemed to reject the Plan, as the case may be.  Accordingly, Holders of Claims and Interests in the Non-Voting Classes are not entitled to vote or receive a Ballot.

D.       The period, as set forth below, during which the Debtors may solicit acceptances of the Plan is a reasonable time for entities entitled to vote on the Plan to make an informed decision regarding whether to accept or reject the Plan.

E.       The Solicitation Procedures (as more fully set forth below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.       The notice procedures set forth below comply with Bankruptcy Rules 2002 and 3017(d) and provide due, proper, and adequate notice of the Debtors' request for final approval of the Disclosure Statement and confirmation of the Plan, of the Joint Hearing, and of procedures for filing objections or responses to final approval of the Disclosure Statement and confirmation of the Plan.

G.     The proposed timeline for the Joint Hearing complies with the Bankruptcy Code, in particular section 105(d)(2)(B)(vi) of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules and will enable the Debtors to pursue confirmation of the Plan in a timely fashion under the circumstances of these cases.

H.     The Debtors, in consultation with the official committee of unsecured creditors (the "Committee"), have the right to seek modifications or extensions of the matters governed by this Order.

I.     The relief requested herein is in the best interests of the Debtors, their estates, and all parties in interest, and there is just cause for the relief granted herein.

**NOW, THEREFOR, IT IS HEREBY ORDERED THAT:**

1.     The Disclosure Statement is approved on a preliminary basis as containing "adequate information" under section 1125 of the Bankruptcy Code.

2.     The notice of the Joint Hearing (the "Joint Hearing Notice"), substantially in the form attached hereto as **Exhibit A**, is approved.

3.     The notice to Holders of Claims in Classes 1 and 2, which Classes are Unimpaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan (the "Unimpaired Creditor Notice"), substantially in the form attached hereto as **Exhibit B**, and the notice to Holders of Interests in Class 6 and Holders of Claims in Classes 7A and 7B, who will neither receive any distribution nor retain any property under the Plan on account of their Claims or Interests and, therefore, are deemed to have rejected the Plan (the "Non-Voting Status Notice"), substantially in the form attached hereto as **Exhibit C**, are approved.

4.     The forms of Ballots, substantially in the forms attached hereto as **Exhibit D** and **Exhibit E**, are approved.

4

5.      The support letter from the Committee (the "Committee Support Letter"), substantially in the form attached hereto as **Exhibit F**, is approved.

6.      The Debtors, in consultation with the Committee, are authorized to (i) make non-material changes to the Disclosure Statement and related documents (including, without limitation, the exhibits thereto) and (ii) revise the Disclosure Statement and related documents (including, without limitation, the exhibits thereto) to add further disclosure concerning events occurring after the entry of this Order prior to distributing it to each person or entity whose Claim against the Debtors is Impaired and is entitled to vote on the Plan.

7.      The Debtors, in consultation with the Committee, are authorized to make non-substantive modifications to the Joint Hearing Notice, Plan, Solicitation Packages (as defined below), Unimpaired Creditor Notice, Non-Voting Status Notice, Ballots, and related documents without further order of the Court, including, but not limited to, modifications to correct typographical and grammatical errors, if any, and to make conforming modifications to the Disclosure Statement, Plan, and any other materials in the Solicitation Packages, prior to their distribution.

8.      For the purpose of determining creditors entitled to vote on the Plan, the record date for purposes of voting shall be December 14, 2018 (the "Voting Record Date") with respect to Holders of Claims in Class 3 (SWK Secured Claims), Class 4 (SWK Deficiency Claims), and Class 5 (General Unsecured Claims) (collectively, the "Voting Classes").

9.      The Voting Record Date shall be the date fixed for determining which Holders of Claims in Class 1 (Priority Non-Tax Claims), Class 2 (Miscellaneous Secured Claims), Class 7A (Century Claims), and Class 7B (Other Subordinated Claims) and Holders of Interests in Class 6

(Interests) are entitled to receive an Unimpaired Creditor Notice or Non-Voting Status Notice, as the case may be.

10.     The Solicitation Procedures are approved; *provided*, *however*, that the Debtors have reserved the right to modify, amend, or supplement the Solicitation Procedures as provided herein.

11.     The Debtors shall complete the mailing of Solicitation Packages by the date that is three (3) business days following entry of this Order (the "Solicitation Date").

12.     On or before the Solicitation Date, the Debtors shall distribute the following materials (each, a "Solicitation Package," and collectively, "Solicitation Packages") to all Holders of Claims in the Voting Classes (other than Holders of Disputed Voting Claims):  (a) this Order (excluding the exhibits attached hereto), (b) the applicable Ballot, (c) the Joint Hearing Notice, (d) the Committee Support Letter, and (e) such other materials as may be ordered or permitted by the Court.  Notwithstanding anything to the contrary contained in this Order, any creditor that has filed or purchased duplicate claims within the same Voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such Class, regardless of whether the Debtors have objected to such duplicate claims.

13.     The Debtors shall not be required to send Solicitation Packages to creditors holding claims that have already been paid in full; *provided*, *however*, that if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of such claim having been paid by the Debtors, such creditor shall be sent a Solicitation Package in accordance with the procedures set forth herein.

14.     The Debtors shall be excused from mailing Solicitation Packages and any other materials related to voting or confirmation of the Plan to those entities to which certain notices

mailed during the course of these chapter 11 cases have been returned as undeliverable, unless and until the Debtors are provided with accurate addresses for such entities before the Solicitation Date.  The Debtors' failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities (a) shall not constitute inadequate notice of the Joint Hearing or Voting Deadline and (b) shall not constitute a violation of Bankruptcy Rule 3017(d).

15.     Consistent with section 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d), Solicitation Packages shall not be distributed to Holders of Claims or Interests in Non-Voting Classes.  In lieu of Solicitation Packages, the Debtors shall cause the Debtors' solicitation agent, Epiq Corporate Restructuring, LLC (the "Solicitation Agent") to serve by first-class, postage prepaid mail the Unimpaired Creditor Notice and the Non-Voting Status Notice, as appropriate, on the Holders of Claims and Interests in the Non-Voting Classes.

16.     With respect to any transferred Claim in a Voting Class (other than a Disputed Claim), the transferee shall be entitled to receive the Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (i) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date, or (ii) the transferee files, no later than the Voting Record Date, (a) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer of the Claim and (b) a sworn statement of the transferor supporting the validity of the transfer.

17.     Ballots of the Holders of Claims in Voting Classes shall be delivered by only one of the following methods: (i) via hand delivery or overnight courier to Hooper Holmes, Inc. d/b/a Provant Health, Ballot Processing, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005, or (ii) by first class mail to: Hooper Holmes Inc., d/b/a Provant

Health, Ballot Processing, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, OR 97076-4422 so as to be actually received no later than **January 24, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline").

18.     The Solicitation Agent shall file its declaration regarding the voting results no later than **January 28, 2019**.

19.     In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the Holder of such transferred Claim.

20.     Any motion for temporary claim allowance pursuant to Bankruptcy Rule 3018(a) shall be filed no later than **January 24, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "Resolution Deadline").

21.     For voting purposes only, and not for the purpose of determining whether a creditor has an Allowed Claim or is entitled to receive a Distribution under the Plan, the following rules for tabulating the Ballots are approved:

    a.     Tabulation Rules:

        i.     The Claim amount for voting purposes shall be the Claim amount contained on a timely filed proof of claim or, if no proof of claim was filed, the non-contingent, liquidated and undisputed claim amount that is listed in the Debtors' schedules of assets and liabilities (the "Schedules");

        ii.     Ballots cast by creditors that timely file proofs of claim for unknown, undetermined, unliquidated, or contingent amounts, as determined on the face of such claims or after a reasonable review of the supporting documentation by the Solicitation Agent, and including all Claims based on pending litigations not subject to a judgment against any of the Debtors, shall count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count as Ballots for Claims in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code;

iii.   If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

iv.   If a creditor casts a Ballot and such creditor is an "insider," as that term is defined in section 101(31) of the Bankruptcy Code, such creditor's Ballot shall be counted in accordance with the Bankruptcy Code's provisions relating to "insider" ballots;

v.   If a creditor casts a Ballot and is listed on the Schedules as holding a Claim that is contingent, unliquidated or disputed, undetermined in amount, or for $0.00, and has not filed a proof of claim, such creditor's Ballot shall not be counted (for the avoidance of doubt, if a creditor is listed on the Schedules as holding a Claim that is contingent, unliquidated or disputed, undetermined in amount, or for $0.00, and has not filed a proof of claim, such creditor shall not be entitled to vote or receive a Solicitation Package containing a Ballot; *provided*, *however*, that the Solicitation Agent shall distribute a Joint Hearing Notice to such creditor);

vi.   Notwithstanding anything to the contrary set forth in this Order, if a Claim is deemed allowed in accordance with the Plan, an order of the Court or a stipulated agreement between the parties, such Claim shall be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

vii.   Notwithstanding anything to the contrary contained in this Order, any creditor that has filed or purchased duplicate Claims within the same voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such class, regardless of whether the Debtors have objected to such duplicate Claims;

viii.   If a proof of claim has been amended by a later filed proof of claim, the later filed amending claim shall be entitled to vote in a manner consistent with the tabulation rules, and the earlier filed amended Claim shall not be entitled to vote, regardless of whether the Debtors have objected to such amended Claim;

ix.   Claims filed for $0.00 are not entitled to vote; and

x.   For purposes of the numerosity and amount requirement of section 1126(c) of the Bankruptcy Code, the following rules apply:

1.   separate Claims held by a single creditor in a particular Class shall be aggregated (based on the reasonable efforts of the Debtors and the Solicitation Agent) as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or

reject the Plan; *provided, that* the Debtors shall keep a separate count of all such Ballots;

2.  separate Claims held by a single creditor in a particular voting Class held or filed against one Debtor or multiple Debtors on account of the same liability shall be treated as if such creditor held one Claim in such voting Class, the votes related to such Claims shall be treated as a single vote to accept or reject the Plan, only in an amount of one such Claim; *provided, that* the Debtors shall keep a separate count of all such Ballots.

b.  Except as provided below, unless the Ballot being furnished is completed and timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to utilize it in connection with seeking confirmation of the Plan by the Court.

c.  If a Ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity, each such person should indicate such capacity when signing its Ballot and, if so requested by the Debtors or the Solicitation Agent, must submit proper evidence satisfactory to the Debtor of its authority to so act.

d.  Any entity that is required to file a proof of claim, but that fails to do so by the applicable bar date shall be entitled to vote to accept or reject the Plan, unless such late-filed Claim has been deemed timely-filed under applicable law by an applicable order of the Court.

e.  Any Holder of a Voting Claim against the Debtors (i) for which the Debtors have filed an objection on or before the Voting Deadline to the extent and in the manner as may be set forth in such objection unless such Claim is subsequently allowed on or before the Voting Deadline, or (ii) that is a defendant in an adversary proceeding where such Claim would be subject to disallowance under section 502(d) of the Bankruptcy Code (such Claims in clauses (i) and (ii) being referred to herein as "Disputed Voting Claims"), shall not be entitled to vote on the Plan and shall not be counted in determining whether the requirements of section 1126 of the Bankruptcy Code have been met unless such Claim is Allowed for voting purposes by separate order of the Court after notice and a hearing. If any Holder of a Disputed Voting Claim disagrees with such voting status (or if a Holder of a Voting Claim disagrees with the classification and/or vote amount provided on its Ballot), \ it must file with the Court and serve upon the undersigned, by the Resolution Deadline, a motion (a "Temporary Allowance Motion") requesting temporary allowance of its Claim for voting purposes only, in accordance with Bankruptcy Rule 3018(a). No later than two (2) business days after the filing and service of such Temporary Allowance Motion, the Solicitation

Agent shall send the movant a Solicitation Package (as appropriate), and the movant shall be required to return its Ballot to the Solicitation Agent by the Voting Deadline.  If the Debtors and the movant cannot resolve consensually the temporary allowance of the Claim subject to the Temporary Allowance Motion, the Debtors shall request that the Bankruptcy Court consider the Temporary Allowance Motion at the Joint Hearing.  The Debtors and the Solicitation Agent reserve all rights with respect to the Temporary Allowance Motion and the Claim subject thereto.

f.    The allowance of any Voting Claim for voting purposes shall not constitute a waiver of any rights of the Debtors to object to such Claim for purposes of allowance or Distribution under the Plan or otherwise.

22.    To ensure that its vote is counted, each Holder of a Claim in Classes 3, 4, and 5 shall (i) complete a Ballot, (ii) indicate the Holder's decision whether to accept or reject the Plan in the boxes provided in the Ballot, and (iii) sign and return the Ballot, by the Voting Deadline, to the address set forth on the envelope enclosed therewith.

23.    The following general procedures and standard assumptions shall be used in tabulating Ballots:

a.    All votes shall be cast either to accept or to reject the Plan and may not be split;

b.    Any Ballot that partially rejects and partially accepts, or conditionally accepts the Plan, shall not be counted;

c.    A properly executed Ballot that either (i) indicates both an acceptance and rejection of the Plan or (ii) fails to indicate an acceptance or rejection of the Plan shall not be counted;

d.    A Ballot may be submitted by only one of the following methods: (a) in the provided postage prepaid envelope, or (b) by first class mail, overnight courier, or hand delivery;

e.    Only properly executed and signed Ballots that are timely received shall be counted, and Ballots not containing a signature will not be counted;

f.    Whenever more than one Ballot voting the same claim is received prior to the Voting Deadline, only the latest properly completed Ballot received prior to the Voting Deadline shall be counted and shall be deemed to supersede any prior received Ballot;

11

    g.  If a creditor simultaneously casts inconsistent Ballots, such Ballots shall not be counted;

    h.  Without further order of the Court, any Holder of a Claim entitled to vote that has delivered a valid Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a);

    i.  Any Ballot that is illegible or contains insufficient information to permit identification of the Holder of a Claim may not be counted;

    j.  Any Ballot cast by a person or entity that does not hold a Claim in a voting Class shall not be counted;

    k.  Subject to any order of the Court to the contrary, the Debtors, in their sole discretion, reserve the right to waive any defect in any Ballot at any time, whether before or after the Voting Deadline, and without notice; and

    l.  None of the Debtors, the Solicitation Agent, or any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

24.    Where an Impaired Class of Claims is otherwise entitled to vote on the Plan, but no Claim in such Class is voted, such Class may be deemed to have accepted the Plan.

25.    The Joint Hearing shall be held at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 249, White Plains, New York 10601, on **January 31, 2019 at 10:00 a.m. (prevailing Eastern Time)**; *provided*, *however*, that the Joint Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

26.    Objections or proposed modifications, if any, to the Plan, and objections to final approval of the Disclosure Statement, shall (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification, (iv) comply with the Bankruptcy Rules and the Local Bankruptcy Rules, and (v) be filed with the Clerk of the Court,

with a copy delivered to Chambers, and served so as to be actually received by (a) counsel to the Debtors, (b) counsel to the Committee, and (c) the U.S. Trustee, no later than **January 24, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "Plan and Disclosure Statement Objection Deadline").

27.     Objections to final approval of the Disclosure Statement and/or confirmation of the Plan that are not timely filed, served, and actually received by the Plan and Disclosure Statement Objection Deadline shall not be considered and shall be deemed overruled.

28.     The Debtors shall file the Plan Supplement no later than **January 24, 2019**.

29.     The Debtors' memorandum of law in support of confirmation of the Plan and any replies to objections to the Plan or to final approval of the Disclosure Statement shall be filed and served no later than **January 29, 2019 at 4:00 p.m. (prevailing Eastern Time)**.

30.     This Order shall be effective and enforceable immediately upon its entry.

31.     The Debtors and Committee are authorized and empowered to take all actions and execute such other documents as may be necessary to effectuate the relief granted herein.

32.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: January 2, 2019
       White Plains, New York

                                        /s/Robert D. Drain
                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

**Joint Hearing Notice**

**THIS NOTICE CONTAINS IMPORTANT INFORMATION REGARDING THE DEBTORS' DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION. YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                                       :    Chapter 11
                                                             :
HOOPER HOLMES, INC.                                          :
D/B/A PROVANT HEALTH, *et al.*,                              :    Case No. 18-23302 (RDD)
                                                             :
                                                             :    (Jointly Administered)
          Debtors.[1]                                        :
-------------------------------------------------------------x

**NOTICE OF (I) HEARING TO CONSIDER (A) FINAL APPROVAL OF
DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES AND
(B) CONFIRMATION OF PLAN OF LIQUIDATION; (II) VOTING DEADLINES
AND PROCEDURES; AND (III) OBJECTION DEADLINES AND PROCEDURES**

TO PARTIES IN INTEREST IN THE FOLLOWING CHAPTER 11 CASES:

| Debtor Name | Case Number |
|---|---|
| Hooper Holmes, Inc. d/b/a Provant Health | 18-23302 |
| Hooper Wellness, LLC | 18-23303 |
| Hooper Kit Services, LLC | 18-23305 |
| Hooper Distribution Services, LLC | 18-23307 |
| Hooper Information Services, Inc. | 18-23308 |
| Provant Health Solutions, LLC | 18-23309 |
| Accountable Health Solutions, LLC | 18-23310 |

**NOTICE IS HEREBY GIVEN** as follows:

1.     On [●], Hooper Holmes, Inc. d/b/a Provant Health and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "**Debtors**") filed the Debtors' Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code dated [●] [Docket No. 292] (as amended from time to time, the "**Plan**") and the related Amended Disclosure Statement for Debtors' Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code dated [●]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Hooper Holmes, Inc. (9359); Hooper Distribution Services, LLC (6838); Hooper Wellness, LLC (6005); Accountable Health Solutions, LLC (9625); Hooper Information Services, Inc. (4927); Hooper Kit Services, LLC (8378); and Provant Health Solutions, LLC (8511). The location of the Debtors' corporate headquarters is 560 N. Rogers Road, Olathe, KS 66286.

[Docket No. [__]] (as amended from time to time, the "**Disclosure Statement**"), pursuant to § 1125 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.      The Plan is premised upon the substantive consolidation of the Debtors' four separate legal entities into Hooper Holmes, Inc. d/b/a Provant Health under the Plan. The filing of the Plan and the Disclosure Statement constitute the Debtors' motion for, and entry of the Confirmation Order will constitute the approval of, pursuant to § 105(a) of the Bankruptcy Code, the substantive consolidation of the Debtors' chapter 11 cases effective as of the Effective Date.[2]

3.      On [●], the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the Disclosure Statement on a preliminary basis and the Debtors' proposed solicitation procedures and form of ballots (the "**Solicitation Procedures**") on a final basis.

4.      Any party in interest wishing to obtain a copy of the Disclosure Statement and/or the Plan or further information may contact Epiq Corporate Restructuring, LLC (i) by first class mail at Hooper Holmes Inc., d/b/a Provant Health, Ballot Processing, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, OR 97076-4422; (ii) by phone by calling +1 (866) 897-6433 (Toll Free) or by calling +1 (646) 282-2500 for callers outside of the United States, requesting to speak with a member of the Solicitation Team; or (iii) via email to tabulation@epiqglobal.com and referencing "Hooper Holmes, Inc. d/b/a Provant Health" in the subject line. Interested parties may also examine the Disclosure Statement and the Plan free of charge at http://dm.epiq11.com/hooperholmes. In addition, the Disclosure Statement and Plan are on file with the Bankruptcy Court and may be examined by accessing the Bankruptcy Court's website: www.nysb.uscourts.gov. Note that a PACER password and login are needed to access documents on the Court's website. A PACER password can be obtained at: www.pacer.psc.uscourts.gov.

5.      **Joint Hearing**. A hearing will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 249, White Plains, New York 10601, on **January 31, 2019 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, to consider final approval of the Disclosure Statement and any objections thereto and to consider any other matter that may properly come before the Bankruptcy Court (the "**Disclosure Statement Hearing**"). A hearing to consider confirmation of the Plan and any objections thereto is scheduled to commence immediately following the Disclosure Statement Hearing (the "**Confirmation Hearing**", and, together with the Disclosure Statement Hearing, the "**Joint Hearing**"). The Joint Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Joint Hearing or at an adjourned Joint Hearing. The time fixed for the Confirmation Hearing may be rescheduled by the Bankruptcy

---

[2] All capitalized terms used but not otherwise defined herein shall have the meaning given to them in the *Order Granting Debtors' Motion for Entry of an Order (I) Preliminarily Approving the Disclosure Statement; (II) Approving Solicitation Procedures on a Final Basis; (III) Scheduling a Combined Hearing to Consider (A) Final Approval of the Disclosure Statement, and (B) Confirmation of the Joint Plan of Liquidation; and (IV) Establishing Notice and Objection Procedures to Disclosure Statement Approval and Plan Confirmation* entered on [●] [Docket No. __].

Court in the event that the Bankruptcy Court does not approve the Disclosure Statement at the Disclosure Statement Hearing or for any other reason. Notice of the rescheduled date or dates, if any, will be provided by an announcement at the Confirmation Hearing or at an adjourned Confirmation Hearing and will be available on the electronic case filing docket.

6.    **Objections**. Any objections to the Disclosure Statement or the Plan must (i) be in writing, filed with the Clerk of the Bankruptcy Court together with proof of service thereof, (ii) set forth the name of the objector, and the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtors, (iii) state the legal and factual basis for such objection, and (iv) **be served upon the following parties so as to be so filed and received no later than 4:00 p.m. (prevailing Eastern Time) on January 24, 2019**: (a) the attorneys for the Debtors, Foley & Lardner LLP at both (i) 90 Park Avenue, New York, New York 10016, Attn: Richard J. Bernard and (ii) 1000 Louisiana Street, Suite 2000, Houston, Texas 77002, Attn: John P. Melko; (b) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Susan Arbeit; and (c) the attorneys for the Official Committee of Unsecured Creditors, Brown Rudnick LLP,  7 Times Square, New York , New York 10036, Attn: Bennett S. Silverberg.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

7.    **Voting Classes**. In accordance with §§ 1122 and 1123 of the Bankruptcy Code, the Plan contemplates classifying holders of Claims and Interests into various classes for all purposes, including with respect to voting on the Plan, as follows:

| Class | Description | Treatment | Entitled to Vote | Estimated Range of Recovery under the Plan |
|-------|-------------|-----------|------------------|--------------------------------------------|
| 3 | SWK Secured Claims | Impaired | Yes | 0% |
| 4 | SWK Deficiency Claims | Impaired | Yes | 0% |
| 5 | General Unsecured Claims | Impaired | Yes | 3.5%[3] |

8.    **Voting Record Date and Voting Deadline**. December 14, 2018 is the record date (the "**Voting Record Date**") for purposes of determining which creditors are entitled to vote on the Plan. Holders of Claims in Classes 3, 4 and 5 must return the Ballots to Epiq Corporate Restructuring, LLC as provided below.  For a vote to be counted, a creditor must (a) complete all the required information on the Ballot and (b) sign, date and return the completed Ballot by first

---

[3] The estimated ranges of recovery on account of Claims in Class 5 is an estimate only. Actual distributions on account of such Claims may vary significantly from the stated estimates depending on, among other things, amounts actually recovered by the Liquidation Trust after the Effective Date and final resolution of Claims.

class mail, overnight courier or hand delivery, so that it is actually received by Epiq Corporate Restructuring, LLC by no later than the Voting Deadline.

9.      **Voting Deadline**. All votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Epiq Corporate Restructuring, LLC, by no later than **4:00 p.m. prevailing Eastern Time (1:00 p.m. prevailing Pacific Time) on January 24, 2019** (the "**Voting Deadline**"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote. Ballots must be returned by only one of the following methods: (i) via first class mail as set forth below; or (ii) via hand delivery or overnight courier as set forth below.

If sent by first class mail:

If sent by messenger or overnight courier:

Hooper Holmes Inc., d/b/a Provant Health
Ballot Processing
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 4422
Beaverton, OR 97076-4422

Hooper Holmes Inc., d/b/a Provant Health
Ballot Processing
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

10.      **Parties in Interest Not Entitled to Vote**. Holders of unimpaired claims in Classes 1 and 2, and holders of impaired claims and interests in Classes 6, 7A, and 7B that are deemed to reject the Plan are not entitled to vote and will not receive a Ballot. Such holders will receive a Notice of Non-Voting Status rather than a Ballot.  If you have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the parties identified in Paragraph 6 above and file with the Bankruptcy Court (with a copy to Chambers) a motion (a "**Temporary Allowance Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") temporarily allowing your claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Temporary Allowance Motions must be filed on or before **January 14, 2019 at 4:00 p.m. (prevailing Eastern Time)**. As to any creditor filing a Temporary Allowance Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court. Temporary Allowance Motions that are not timely filed and served in the manner set forth above shall not be considered.

11.      **Parties That Will Not Be Treated as Creditors**. Any holder of a claim that is scheduled in the Debtors' schedules of assets and liabilities, statements of financial affairs and schedules of executory contracts and unexpired leases at $0, or in an unknown amount, or wholly as disputed, contingent, or unliquidated, and that has not filed a timely proof of claim, shall not be entitled to vote on the Plan and will not be treated as a creditor with respect to such claim for purposes of receiving distributions under the Plan.

12.      **Executory Contracts and Unexpired Leases**. All Executory Contracts and Unexpired Leases not (i) previously rejected pursuant to an order of the Court; (ii) previously assumed pursuant to Final Order of the Bankruptcy Court; (iii) specifically designated as an executory contract or unexpired lease to be assumed in the Plan or in any Plan Supplement; or

4

(iv) subject to a separate assumption notice or other motion filed by the Debtors under § 365 of the Bankruptcy Code prior to the Effective Date will be deemed rejected under the terms of a Confirmation Order.

13.    **Plan Supplement**.  The Debtors will file a Plan Supplement with the Bankruptcy Court no later than January 24, 2019. Copies of the Plan Supplement will be available for inspection at http://dm.epiq11.com/hooperholmes (free of charge), the Office of the Clerk of the Bankruptcy Court, or the Court's website, www.nysb.uscourts.gov (a PACER account is required).

**14.    Injunctions and Exculpation. Following confirmation, subject to Articles VIII and X of the Plan, the Plan will be substantially consummated on the Effective Date. Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain injunction, exculpation, and discharge provisions set forth in Article VIII and X will become effective.  It is important to read the provisions contained in Article VIII and X of the Plan very carefully so that you understand how confirmation and substantial consummation of the Plan—which effectuates such provisions—will affect you and any Claim you may hold against the Debtors.**

Dated: [●]                                    Respectfully submitted,
    New York, New York

                                        /s/ *DRAFT*
                                        Richard J. Bernard
                                        **FOLEY & LARDNER LLP**
                                        90 Park Avenue
                                        New York, New York 10016-1314
                                        Telephone: (212) 682-7474
                                        Facsimile: (212) 687-2329
                                        Email: rbernard@foley.com

                                        - and -

                                        John P. Melko (admitted *pro hac vice*)
                                        **FOLEY & LARDNER LLP**
                                        1000 Louisiana Street, Suite 2000
                                        Houston, TX 77002-2099
                                        Telephone: (713) 276-5500
                                        Facsimile: (713) 276-5555
                                        Email: jmelko@foley.com

                                        *Counsel for Debtors*
                                        *and Debtors in Possession*

**<u>EXHIBIT B</u>**

**Unimpaired Creditor Notice**

Hearing Date and Time: January 31, 2019 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: January 24, 2019 at 4:00 p.m. (prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| HOOPER HOLMES, INC. | : |
| D/B/A PROVANT HEALTH, *et al.*, | : Case No. 18-23302 (RDD) |
| | : |
| Debtors.[1] | : (Jointly Administered) |

------------------------------------------------------------------x

## NOTICE OF NON-VOTING STATUS
## WITH RESPECT TO UNIMPAIRED CLAIMS

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT:

      **PLEASE TAKE NOTICE**, that on [●], Hooper Holmes, Inc. d/b/a Provant Health and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "**Debtors**") filed the Amended Joint Plan of Liquidation of Debtors under Chapter 11 of the Bankruptcy Code dated [●] [Docket No. [___]] (as amended from time to time, the "**Plan**") and the related Amended Disclosure Statement for Amended Joint Plan of Liquidation of Debtors under Chapter 11 of the Bankruptcy Code dated [●] [Docket No. [___]] (as amended from time to time, the "**Disclosure Statement**"), pursuant to § 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"). A hearing on final approval of the Disclosure Statement and confirmation of the Plan has been scheduled by the Bankruptcy Court,[2] and the following deadlines and procedures have been established:

## JOINT HEARING TO APPROVE DISCLOSURE STATEMENT AND CONFIRM PLAN

      1.    A hearing will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 249, White Plains, New York 10601, on **January 31, 2019 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, to consider final

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Hooper Holmes, Inc. (9359); Hooper Distribution Services, LLC (6838); Hooper Wellness, LLC (6005); Accountable Health Solutions, LLC (9625); Hooper Information Services, Inc. (4927); Hooper Kit Services, LLC (8378); and Provant Health Solutions, LLC (8511).  The location of the Debtors' corporate headquarters is 560 N. Rogers Road, Olathe, KS 66286.

[2] All capitalized terms used but not otherwise defined herein shall have the meaning given to them in the *Debtors' Order Granting Motion for Entry of an Order (I) Preliminarily Approving the Disclosure Statement; (II) Approving Solicitation Procedures on a Final Basis; (III) Scheduling a Combined Hearing to Consider (A) Final Approval of the Disclosure Statement, and (B) Confirmation of the Joint Plan of Liquidation; and (IV) Establishing Notice and Objection Procedures to Disclosure Statement Approval and Plan Confirmation* entered on [●] [Docket No. [●]].

approval of the Disclosure Statement and any objections thereto and to consider any other matter that may properly come before the Bankruptcy Court (the "**Disclosure Statement Hearing**"). A hearing to consider confirmation of the Plan and any objections thereto is scheduled to commence immediately following the Disclosure Statement Hearing (the "**Confirmation Hearing**," and, together with the Disclosure Statement Hearing, the "**Joint Hearing**"). The Joint Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Joint Hearing or at an adjourned Joint Hearing. The time fixed for the Confirmation Hearing may be rescheduled by the Bankruptcy Court in the event that the Bankruptcy Court does not approve the Disclosure Statement at the Disclosure Statement Hearing or for any other reason. Notice of the rescheduled date or dates, if any, will be provided by an announcement at the Confirmation Hearing or at an adjourned Confirmation Hearing and will be available on the electronic case filing docket.

## NON-VOTING STATUS

2.      UNDER THE PLAN, AND IN ACCORDANCE WITH § 1126(f) OF THE BANKRUPTCY CODE, YOUR CLAIM(S) WILL BE SATISFIED IN FULL. AS A RESULT, YOUR CLAIM(S) IS/ARE UNIMPAIRED AND YOU ARE NOT ENTITLED TO VOTE ON THE PLAN.   YOU ARE, HOWEVER, ENCOURAGED TO REVIEW THE PLAN AND DISCLOSURE STATEMENT.

3.      Copies of the Plan and the Disclosure Statement may be viewed at http://dm.epiq11.com/hooperholmes (free of charge), the Office of the Clerk of the Bankruptcy Court, or the Court's website, www.nysb.uscourts.gov (a PACER account is required).

## ESTABLISHMENT OF OBJECTION DEADLINE AND PROCEDURES

4.      The Court established **January 24, 2019 at 4:00 p.m. (prevailing Eastern Time)** as the last date and time for filing and serving objections to final approval of the Disclosure Statement and/or confirmation of the Plan (the "**Plan and Disclosure Statement Objection Deadline**"). Objections not filed and served by the Plan and Disclosure Statement Objection Deadline in the manner set forth in paragraph 5 below will not be considered by the Bankruptcy Court.

5.      In order to be considered by the Bankruptcy Court, objections or proposed modifications, if any, to the Plan, and objections to final approval of the Disclosure Statement, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification, (iv) comply with the Bankruptcy Rules and the Local Bankruptcy Rules and (v) be filed with the Clerk of the Court, with a copy delivered to Chambers, and served, so as to be received on or before the Plan and Disclosure Statement Objection Deadline, on the following parties:  the attorneys for the Debtors, Foley & Lardner LLP at both (i) 90 Park Avenue, New York, New York 10016, Attn: Richard J. Bernard and (ii) 1000 Louisiana Street, Suite 2000, Houston, Texas 77002, Attn: John P. Melko; (b) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Susan Arbeit; and (c) the attorneys for the Official

Committee of Unsecured Creditors, Brown Rudnick LLP, 7 Times Square, New York , New York 10036, Attn: Bennett S. Silverberg.

6.     The Bankruptcy Court may consider only written objections filed and served by the Plan and Disclosure Statement Objection Deadline.  Objections not timely filed and served in accordance with the provisions of this Notice will not be heard and may be overruled.

7.     All documents filed with the Bankruptcy Court, including the Plan, are available for inspection at http://dm.epiq11.com/hooperholmes (free of charge), the Office of the Clerk of the Bankruptcy Court, or the Court's website, www.nysb.uscourts.gov (a PACER account is required).

### INJUNCTIONS, RELEASES, AND EXCULPATIONS

**8.     Following confirmation, subject to Articles VIII and X of the Plan, the Plan will be substantially consummated on the Effective Date.  Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain release, injunction, exculpation and discharge provisions set forth in Articles VIII and X will become effective.  It is important to read the provisions contained in Articles VIII and X of the Plan very carefully so that you understand how confirmation and substantial consummation of the Plan—which effectuates such provisions—will affect you and any Claim you may hold against the Debtors.**

Dated: [●]
       New York, New York

Respectfully submitted,

/s/ *Draft*
Richard J. Bernard
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, New York 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
Email: rbernard@foley.com

- and -

John P. Melko (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
1000 Louisiana Street, Suite 2000
Houston, TX 77002-2099
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
Email: jmelko@foley.com

*Counsel for Debtors*
*and Debtors in Possession*

3

## **EXHIBIT C**

**Non-Voting Status Notice**

Hearing Date and Time: January 31, 2019 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: January 24, 2019 at 4:00 p.m. (prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HOOPER HOLMES, INC. | : | Case No. 18-23302 (RDD) |
| D/B/A PROVANT HEALTH, *et al.*, | : | |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |

-----------------------------------------------------------------x

## NOTICE OF NON-VOTING STATUS
## WITH RESPECT TO IMPAIRED CLAIMS

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT:

**PLEASE TAKE NOTICE**, that on [●], Hooper Holmes, Inc. d/b/a Provant Health and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "**Debtors**") filed the Amended Joint Plan of Liquidation of Debtors under Chapter 11 of the Bankruptcy Code dated [●] [Docket No. [___]] (as amended from time to time, the "**Plan**") and the related Amended Disclosure Statement for Amended Joint Plan of Liquidation of Debtors under Chapter 11 of the Bankruptcy Code dated [●] [Docket No. [___]] (as amended from time to time, the "**Disclosure Statement**"), pursuant to § 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"). A hearing on final approval of the Disclosure Statement and confirmation of the Plan has been scheduled by the Bankruptcy Court,[2] and the following deadlines and procedures have been established:

## JOINT HEARING TO APPROVE DISCLOSURE STATEMENT AND CONFIRM PLAN

1.    A hearing will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 249, White Plains, New York 10601, on **January 31, 2019 at 10:00**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Hooper Holmes, Inc. (9359); Hooper Distribution Services, LLC (6838); Hooper Wellness, LLC (6005); Accountable Health Solutions, LLC (9625); Hooper Information Services, Inc. (4927); Hooper Kit Services, LLC (8378); and Provant Health Solutions, LLC (8511).  The location of the Debtors' corporate headquarters is 560 N. Rogers Road, Olathe, KS 66286.

[2] All capitalized terms used but not otherwise defined herein shall have the meaning given to them in the *Order Granting Debtors' Motion for Entry of an Order (I) Preliminarily Approving the Disclosure Statement; (II) Approving Solicitation Procedures on a Final Basis; (III) Scheduling a Combined Hearing to Consider (A) Final Approval of the Disclosure Statement, and (B) Confirmation of the Joint Plan of Liquidation; and (IV) Establishing Notice and Objection Procedures to Disclosure Statement Approval and Plan Confirmation* entered on [●] [Docket No. [●]].

**a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, to consider final approval of the Disclosure Statement and any objections thereto and to consider any other matter that may properly come before the Bankruptcy Court (the "**Disclosure Statement Hearing**"). A hearing to consider confirmation of the Plan and any objections thereto is scheduled to commence immediately following the Disclosure Statement Hearing (the "**Confirmation Hearing**," and, together with the Disclosure Statement Hearing, the "**Joint Hearing**"). The Joint Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Joint Hearing or at an adjourned Joint Hearing. The time fixed for the Confirmation Hearing may be rescheduled by the Bankruptcy Court in the event that the Bankruptcy Court does not approve the Disclosure Statement at the Disclosure Statement Hearing or for any other reason. Notice of the rescheduled date or dates, if any, will be provided by an announcement at the Confirmation Hearing or at an adjourned Confirmation Hearing and will be available on the electronic case filing docket.

## NON-VOTING STATUS

2.     UNDER THE PLAN, HOLDERS OF CERTAIN CLAIMS AND INTERESTS (AS DEFINED IN THE PLAN) WILL NOT RECEIVE OR RETAIN ANY PROPERTY UNDER THE PLAN. THUS, IN ACCORDANCE WITH § 1126(g) OF THE BANKRUPTCY CODE, HOLDERS OF SUCH CLAIMS OR INTERESTS ARE CONCLUSIVELY PRESUMED TO REJECT THE PLAN. YOU ARE, HOWEVER, ENCOURAGED TO REVIEW THE PLAN AND DISCLOSURE STATEMENT.

3.     Copies of the Plan and the Disclosure Statement may be viewed at http://dm.epiq11.com/hooperholmes (free of charge), the Office of the Clerk of the Bankruptcy Court, or the Court's website, www.nysb.uscourts.gov (a PACER account is required).

## ESTABLISHMENT OF OBJECTION DEADLINE AND PROCEDURES

4.     The Court established **January 24, 2019 at 4:00 p.m. (prevailing Eastern Time)** as the last date and time for filing and serving objections to final approval of the Disclosure Statement and/or confirmation of the Plan (the "**Plan and Disclosure Statement Objection Deadline**"). Objections not filed and served by the Plan and Disclosure Statement Objection Deadline in the manner set forth in paragraph 5 below will not be considered by the Bankruptcy Court.

5.     In order to be considered by the Bankruptcy Court, objections or proposed modifications, if any, to the Plan, and objections to final approval of the Disclosure Statement, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification, (iv) comply with the Bankruptcy Rules and the Local Bankruptcy Rules and (v) be filed with the Clerk of the Court, with a copy delivered to Chambers, and served, so as to be received on or before the Plan and Disclosure Statement Objection Deadline, on the following parties: the attorneys for the Debtors, Foley & Lardner LLP at both (i) 90 Park Avenue, New York, New York 10016, Attn: Richard J. Bernard and (ii) 1000 Louisiana Street, Suite 2000, Houston, Texas 77002, Attn: John P. Melko; (b) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006,

New York, New York 10014, Attn: Susan Arbeit; and (c) the attorneys for the Official Committee of Unsecured Creditors, Brown Rudnick LLP,  7 Times Square, New York , New York 10036, Attn: Bennett S. Silverberg.

6.       The Bankruptcy Court may consider only written objections filed and served by the Plan and Disclosure Statement Objection Deadline.  Objections not timely filed and served in accordance with the provisions of this Notice will not be heard and may be overruled.

7.       All documents filed with the Bankruptcy Court, including the Plan, are available for inspection at http://dm.epiq11.com/hooperholmes (free of charge), the Office of the Clerk of the Bankruptcy Court, or the Court's website, www.nysb.uscourts.gov (a PACER account is required).

## INJUNCTIONS, RELEASES, AND EXCULPATIONS

**8.       Following confirmation, subject to Articles VIII and X of the Plan, the Plan will be substantially consummated on the Effective Date.  Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain release, injunction, exculpation and discharge provisions set forth in Articles VIII and X will become effective.  It is important to read the provisions contained in Articles VIII and X of the Plan very carefully so that you understand how confirmation and substantial consummation of the Plan—which effectuates such provisions— will affect you and any Claim you may hold against the Debtors.**

Dated: [●]
    New York, New York

Respectfully submitted,

/s/ *Draft*
Richard J. Bernard
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, New York 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
Email: rbernard@foley.com

- and -

John P. Melko (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
1000 Louisiana Street, Suite 2000
Houston, TX 77002-2099
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
Email: jmelko@foley.com

*Counsel for Debtors*

*and Debtors in Possession*

4

**<u>EXHIBIT D</u>**

**SWK Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                    :
                                                          :    Chapter 11
                                                          :
HOOPER HOLMES, INC.                                       :
D/B/A PROVANT HEALTH, *et al.*,                           :    Case No. 18-23302 (RDD)
                                                          :
                                                          :    (Jointly Administered)
        Debtors.[1]                                       :
-----------------------------------------------------------------x

### BALLOT FOR SWK CLAIMS VOTING AS CLASS 3 SWK SECURED CLAIMS AND CLASS 4 SWK DEFICIENCY CLAIMS FOR ACCEPTING OR REJECTING PLAN OF LIQUIDATION

On [●], Hooper Holmes, Inc. d/b/a Provant Health and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "**Debtors**") filed the Amended Joint Plan of Liquidation of Debtors under Chapter 11 of the Bankruptcy Code dated [●] [Docket No. [__]] (as amended from time to time, the "**Plan**").[2]

The Court has preliminarily approved the Amended Disclosure Statement for Amended Joint Plan of Liquidation of Debtors under Chapter 11 of the Bankruptcy Code dated [●] [Docket No. [__]] (as amended from time to time, the "**Disclosure Statement**"), pursuant to § 1125 of title 11 of the United States Code (the "**Bankruptcy Code**").  A hearing on final approval of the Disclosure Statement and confirmation of the Plan has been scheduled by the Bankruptcy Court for **January 31, 2019 at 10:00 a.m. (prevailing Eastern Time)**. The Disclosure Statement provides information to assist you in deciding how to vote the ballots (the "**Ballots**").  If you wish to obtain a copy of have a Disclosure Statement and/or the Plan, you may obtain a copy at

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Hooper Holmes, Inc. (9359); Hooper Distribution Services, LLC (6838); Hooper Wellness, LLC (6005); Accountable Health Solutions, LLC (9625); Hooper Information Services, Inc. (4927); Hooper Kit Services, LLC (8378); and Provant Health Solutions, LLC (8511).  The location of the Debtors' corporate headquarters is 560 N. Rogers Road, Olathe, KS 66286.

[2] All capitalized terms not otherwise defined herein shall have the same definition as set forth in the Plan.

http://dm.epiq11.com/hooperholmes (free of charge), from the Office of the Clerk of the Bankruptcy Court, on the Court's website, www.nysb.uscourts.gov (a PACER account is required), or by contacting Epiq Corporate Restructuring, LLC (the "**Solicitation Agent**") (i) by first class mail at Hooper Holmes Inc., d/b/a Provant Health, Ballot Processing, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, OR 97076-4422; (ii) by phone by calling +1 (866) 897-6433 (Toll Free) or by calling +1 (646) 282-2500 for callers outside of the United States, requesting to speak with a member of the Solicitation Team; or (iii) via email to tabulation@epiqglobal.com and referencing "Hooper Holmes, Inc. d/b/a Provant Health" in the subject line.  Preliminary or final Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

**PLEASE READ, VOTE, AND RETURN YOUR BALLOT**
**THE VOTING DEADLINE IS <u>JANUARY 24, 2019 AT 4:00 P.M. PREVAILING</u>**
**<u>EASTERN TIME (1:00 P.M. PREVAILING PACIFIC TIME)</u>** (the "**<u>Voting Deadline</u>**")

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your SWK Claim has been placed into Class 3 SWK Secured Claims and Class 4 SWK Deficiency Claims under the Plan.**

**If your Ballot is not <u>received</u> by the Solicitation Agent on or before January 24, 2019 at 4:00 p.m. prevailing Eastern Time (1:00 p.m. prevailing Pacific Time), and such deadline is not extended, your vote will not count as either an acceptance or rejections of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

**You may return your Ballot by only <u>one</u> of the following methods: (i) via hand delivery or overnight courier to Hooper Holmes, Inc. d/b/a Provant Health, Ballot Processing, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005; or (ii) by first class mail to: Hooper Holmes Inc., d/b/a Provant Health, Ballot Processing, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, OR 97076-4422.**

---

2

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1. Vote Amount.**

For purposes of voting to accept or reject the Plan, as of December 14, 2018 (the "**Voting Record Date**") the undersigned was holder of the SWK Claim in the aggregate amount set forth below.

$_____

**Item 2.  Vote on Plan.  Your vote will be counted as a vote in Class 3 SWK Secured Claims and as a vote in Class 4 SWK Deficiency Claims (Please check <u>one</u>.)**

**CHECK ONE BOX ONLY**

☐    **ACCEPTS (votes FOR) the Plan.**

☐    **REJECTS (votes AGAINST) the Plan.**

**Item 3. Certification**. By signing this Ballot, the undersigned hereby certifies that: (a) on December 14, 2018, it was the holder of the SWK Claim to which this Ballot pertains (or an authorized signatory for such holder), (b) it has full power and authority to vote to accept or reject the Plan, (c) it had received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein; (d) it understands that the solicitation of votes to accept or reject the Plan is subject to the terms and conditions set forth in the Disclosure Statement and Plan, (e) it has cast the same vote with respect to all of its SWK Claim, and (f) no other Ballots with respect to the SWK Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such claims, then any such earlier received Ballots are hereby revoked.

Name of Claimant:    _____

Signature:    _____

Name (if different from Claimant):    _____

Title (if corporation or partnership:    _____

Address:    _____

_____

Telephone Number:    _____

Email Address:    _____

Dated:    _____

3

## **<u>VOTING INSTRUCTIONS</u>**

(a)    All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan.

(b)    Please read and follow these instructions carefully.

(c)    You must submit your Ballot to Epiq Corporate Restructuring, LLC so that it is received no later than **4:00 p.m. prevailing Eastern Time (1:00 p.m. prevailing Pacific Time) on January 24, 2019**, the Voting Deadline. If your Ballot is not received by the Voting Deadline and such time is not extended, your vote will not count. You may submit your Ballot by only one of the following methods: (a) in the provided postage prepaid envelope, (b) via electronic mail, or (c) by first class mail, overnight courier, or hand delivery.

(d)    In order for your vote to count, you must:

     (i)    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

     (ii)    Review and sign the certifications in Item 3;

     (iii)    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if requested provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

     (iv)    Return the completed Ballot to Epiq Corporate Restructuring, LLC by only one of the following methods: (i) in the preaddressed, postage prepaid envelope enclosed with this Ballot, (ii) via hand delivery or overnight courier to Hooper Holmes, Inc. d/b/a Provant Health, Ballot Processing, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005; or (iii) by first class mail to: Hooper Holmes Inc., d/b/a Provant Health,  Ballot Processing, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, OR 97076-4422.

(e)    A properly executed Ballot that either (i) indicates both an acceptance and rejection of the Plan or (ii) fails to indicated an acceptance or rejection of the Plan will not be counted.

(f)    Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

(g)    If multiple Ballots are received from the same Person or Entity with respect to the same Claims prior to the Voting Deadline, only the latest properly completed Ballot received prior to the Voting Deadline will be counted and deemed to supersede any prior received Ballot.

(h)     This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

(i)     If you hold Claims in more than one class under the Plan, you may receive more than on Ballot for each different class. Please complete and return each Ballot you receive.

**(j)     <u>Please be sure to sign and date your Ballot</u>.**

PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT BY TELEPHONE AT +1 (866) 897-6433 (TOLL FREE) OR +1 (646) 282-2500 FOR CALLERS OUTSIDE OF THE UNITED STATES OR BY EMAIL AT TABULATION@EPIQGLOBAL.COM (PLEASE REFERENCE "HOOPER HOLMES, INC. D/B/A PROVANT HEALTH" IN THE SUBJECT LINE OF YOUR EMAIL)

# **EXHIBIT E**

## **Class 5 Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

In re:                                                          :    Chapter 11
                                                                :
HOOPER HOLMES, INC.                                             :
D/B/A PROVANT HEALTH, *et al.*,                                 :    Case No. 18-23302 (RDD)
                                                                :
                                                                :    (Jointly Administered)
        Debtors.[1]                                             :
-----------------------------------------------------------------x

## CLASS 5 GENERAL UNSECURED CLAIMS BALLOT FOR
## ACCEPTING OR REJECTING PLAN OF LIQUIDATION

On [●], Hooper Holmes, Inc. d/b/a Provant Health and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "**Debtors**") filed the Amended Joint Plan of Liquidation of Debtors under Chapter 11 of the Bankruptcy Code dated [●] [Docket No. [__]] (as amended from time to time, the "**Plan**").[2]

The Court has preliminarily approved the Amended Disclosure Statement for Amended Joint Plan of Liquidation of Debtors under Chapter 11 of the Bankruptcy Code dated [●] [Docket No. [__]] (as amended from time to time, the "**Disclosure Statement**"), pursuant to § 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"). A hearing on final approval of the Disclosure Statement and confirmation of the Plan has been scheduled by the Bankruptcy Court for **January 31, 2019 at 10:00 a.m. (prevailing Eastern Time)**. The Disclosure Statement provides information to assist you in deciding how to vote the ballots (the "**Ballots**"). If you wish to obtain a copy of have a Disclosure Statement and/or the Plan, you may obtain a copy at http://dm.epiq11.com/hooperholmes (free of charge), from the Office of the Clerk of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Hooper Holmes, Inc. (9359); Hooper Distribution Services, LLC (6838); Hooper Wellness, LLC (6005); Accountable Health Solutions, LLC (9625); Hooper Information Services, Inc. (4927); Hooper Kit Services, LLC (8378); and Provant Health Solutions, LLC (8511). The location of the Debtors' corporate headquarters is 560 N. Rogers Road, Olathe, KS 66286.

[2] All capitalized terms not otherwise defined herein shall have the same definition as set forth in the Plan.

Bankruptcy Court, on the Court's website, www.nysb.uscourts.gov (a PACER account is required), or by contacting Epiq Corporate Restructuring, LLC (the "**Solicitation Agent**") (i) by first class mail at Hooper Holmes Inc., d/b/a Provant Health, Ballot Processing, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, OR 97076-4422; (ii) by phone by calling +1 (866) 897-6433 (Toll Free) or by calling +1 (646) 282-2500 for callers outside of the United States, requesting to speak with a member of the Solicitation Team; or (iii) via email to tabulation@epiqglobal.com and referencing "Hooper Holmes, Inc. d/b/a Provant Health" in the subject line.   Preliminary or final Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

**PLEASE READ, VOTE, AND RETURN YOUR BALLOT**
**THE VOTING DEADLINE IS <u>JANUARY 24, 2019 AT 4:00 P.M. PREVAILING</u>**
**<u>EASTERN TIME (1:00 P.M. PREVAILING PACIFIC TIME)</u>** (the "**<u>Voting Deadline</u>**")

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed into Class 5 General Unsecured Claims under the Plan.  If you hold Claims or Interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not <u>received</u> by the Solicitation Agent on or before January 24, 2019 at 4:00 p.m. prevailing Eastern Time (1:00 p.m. prevailing Pacific Time), and such deadline is not extended, your vote will not count as either an acceptance or rejections of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

**You may return your Ballot by only <u>one</u> of the following methods: (i) via hand delivery or overnight courier to Hooper Holmes, Inc. d/b/a Provant Health, Ballot Processing, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005; or (ii) by first class mail to: Hooper Holmes Inc., d/b/a Provant Health, Ballot Processing, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, OR 97076-4422.**

---

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1. Vote Amount.**

For purposes of voting to accept or reject the Plan, as of December 14, 2018 (the "**Voting Record Date**") the undersigned was holder of a Class 5 General Unsecured Claim in the aggregate amount set forth below.[3]

**$**_____

**Item 2.  Vote on Plan (Please check <u>one</u>.)**

**CHECK ONE BOX ONLY**

☐    **ACCEPTS (votes FOR) the Plan.**

☐    **REJECTS (votes AGAINST) the Plan.**

**Item 3. Certification**. By signing this Ballot, the undersigned hereby certifies that: (a) on December 14, 2018, it was the holder of the Class 5 General Unsecured Claim to which this Ballot pertains (or an authorized signatory for such holder), (b) ) it has full power and authority to vote to accept or reject the Plan, (c) it had received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein; (d) it understands that the solicitation of votes to accept or reject the Plan is subject to the terms and conditions set forth in the Disclosure Statement and Plan, and (e) no other Ballots with respect to the Class 5 General Unsecured Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such claims, then any such earlier received Ballots are hereby revoked.

Name of Claimant: _____

Signature: _____

Name (if different from Claimant): _____

Title (if corporation or partnership: _____

Address:    _____

_____

Telephone Number: _____

Email Address: _____

Dated: _____

---

[3] For voting purposes only, subject to tabulation rules.

## **<u>VOTING INSTRUCTIONS</u>**

(a)    All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan.

(b)    Please read and follow these instructions carefully.

(c)    You must submit your Ballot to Epiq Corporate Restructuring, LLC so that it is received no later than **4:00 p.m. prevailing Eastern Time (1:00 p.m. prevailing Pacific Time) on January 24, 2019**, the Voting Deadline. If your Ballot is not received by the Voting Deadline and such time is not extended, your vote will not count. You may submit your Ballot by only one of the following methods: (a) in the provided postage prepaid envelope, (b) via electronic mail, or (c) by first class mail, overnight courier, or hand delivery.

(d)    In order for your vote to count, you must:

    (i)    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    (ii)    Review and sign the certifications in Item 3;

    (iii)    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if requested provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    (iv)    Return the completed Ballot to Epiq Corporate Restructuring, LLC by only one of the following methods: (i) in the preaddressed, postage prepaid envelope enclosed with this Ballot, (ii) via hand delivery or overnight courier to Hooper Holmes, Inc. d/b/a Provant Health, Ballot Processing, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005; or (iii) by first class mail to: Hooper Holmes Inc., d/b/a Provant Health,  Ballot Processing, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, OR 97076-4422.

(e)    A properly executed Ballot that either (i) indicates both an acceptance and rejection of the Plan or (ii) fails to indicated an acceptance or rejection of the Plan will not be counted.

(f)    Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

(g)    If multiple Ballots are received from the same Person or Entity with respect to the same Claims prior to the Voting Deadline, only the latest properly completed Ballot received prior to the Voting Deadline will be counted and deemed to supersede any prior received Ballot.

4

(h)     This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

(i)     If you hold Claims in more than one class under the Plan, you may receive more than on Ballot for each different class. Please complete and return each Ballot you receive.

(j)     **<u>Please be sure to sign and date your Ballot</u>.**

PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT BY TELEPHONE AT +1 (866) 897-6433 (TOLL FREE) OR +1 (646) 282-2500 FOR CALLERS OUTSIDE OF THE UNITED STATES OR BY EMAIL AT TABULATION@EPIQGLOBAL.COM (PLEASE REFERENCE "HOOPER HOLMES, INC. D/B/A PROVANT HEALTH" IN THE SUBJECT LINE OF YOUR EMAIL)

## **EXHIBIT F**

**Committee Support Letter**