**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

In re:                                                  :    Chapter 11
                                                        :
HOOPER HOLMES, INC.                                     :
D/B/A PROVANT HEALTH, *et al.*,                         :    Case No. 18-23302 (RDD)
                                                        :
                                                        :    (Jointly Administered)
        Debtors.[1]                                     :

-------------------------------------------------------------------x

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING DEBTORS' AMENDED JOINT PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

On December 28, 2018, the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (collectively, the "Chapter 11 Cases") filed their (i) *Amended Joint Plan of Liquidation of Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 318], attached hereto as **Exhibit 1** (as supplemented, amended, or modified, the "Plan") and (ii) *Amended Disclosure Statement for Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 319] (as supplemented, amended, or modified, the "Disclosure Statement").[2]  On January 31, 2019, the Court conducted a hearing (the "Joint Hearing") to consider final approval of the Disclosure Statement and confirmation of the Plan.

On January 2, 2019, the Court entered its *Order (I) Preliminarily Approving Disclosure Statement, (II) Approving Solicitation Procedures on a Final Basis, (III) Scheduling a Combined Hearing to Consider (A) Final Approval of Disclosure Statement and (B) Confirmation of Joint*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Hooper Holmes, Inc. (9359); Hooper Distribution Services, LLC (6838); Hooper Wellness, LLC (6005); Accountable Health Solutions, LLC (9625); Hooper Information Services, Inc. (4927); Hooper Kit Services, LLC (8378); and Provant Health Solutions, LLC (8511).  The location of the Debtors' corporate headquarters is 560 N. Rogers Road, Olathe, KS 66286.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan or Disclosure Statement, as applicable.

*Plan of Liquidation, (IV) Establishing Notice and Objection Procedures to Disclosure Statement Approval and Plan Confirmation* [Docket No. 320] (the "Solicitation Order").

On January 10, 2019, the Debtors filed the *Affidavit of Service of Solicitation Materials* [Docket No. 330] (the "Service Affidavit").

On January 24, 2019, the Debtors filed the *Notice of Filing of Plan Supplement to Amended Joint Plan of Liquidation of Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 352] (the "Plan Supplement"), which included a form of Liquidating Trust Agreement (together with all schedules, addenda, exhibits, annexes, and other attachments thereto, and as the same has been or may be modified, supplemented, or amended from time to time, the "Liquidating Trust Agreement") and identified the Liquidating Trustee.

On January 25, 2019, the Debtors filed the *Declaration of Jane Sullivan on Behalf of Epiq Corporate Restructuring, LLC Regarding Voting and Tabulation of Ballots Cast on the Amended Joint Plan of Liquidation of Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 353] (the "Voting Certification").

On January 29, 2019, the Debtors filed the *Declaration of James E. Fleet in Support of an Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming Amended Joint Plan of Liquidation of Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 357] (the "Fleet Declaration").

Based upon the Court's review of, among other things, the (i) Plan, (ii) Liquidating Trust Agreement, (iii) Plan Supplement, and (iv) Service Affidavit, Voting Certification, and Fleet Declaration; and upon the record of the Joint Hearing, including the representations and arguments of counsel, and the docket of these Chapter 11 Cases, it is hereby

**FOUND AND DETERMINED THAT:**

## Jurisdiction and Venue

A.    <u>Jurisdiction; Venue; Core Proceeding</u>.    The Court has jurisdiction over these Chapter 11 Cases and the Debtors' request for (a) final approval of the Disclosure Statement and confirmation of the Plan pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.  Each of the Debtors was and is qualified to be a debtor under Bankruptcy Code § 109.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2), and the Court has exclusive jurisdiction to determine, and the power to decide on a final basis, whether the Disclosure Statement and Plan comply with the applicable provisions of the Bankruptcy Code and should be approved and confirmed.

## Notice, Solicitation, and Acceptance

B.    <u>Service of Solicitation Materials and Notices</u>.    As evidenced by certificates of service filed on the docket of these Chapter 11 Cases, all appropriate pleadings, notices, and Ballots were transmitted, mailed, and served to the extent required by the Solicitation Order and Bankruptcy Rule 3017(d).  The Debtors mailed, by first class mail: (a) a copy of the Solicitation Order (excluding the exhibits attached thereto); (b) an appropriate Ballot; (c) the notice of the Joint Hearing (the "Joint Hearing Notice"); (d) the Committee Support Letter; and (e) a pre-addressed, postage paid envelope to Holders of Claims in Classes 3, 4, and 5 (each, a "<u>Solicitation Package</u>," and collectively, "<u>Solicitation Packages</u>").  The Debtors also mailed, by first class mail: (a) a copy of the Unimpaired Creditor Notice and Joint Hearing Notice to Holders of Claims in Classes 1 and 2; and (b) a copy of the Non-Voting Status Notice and Joint Hearing Notice to Holders of Interests in Class 6 and Holders of Claims in Classes 7A and 7B.

C.     <u>Adequate Notice of Joint Hearing</u>.  In accordance with Bankruptcy Rules 2002, 3017, 3018, 3019, 9006, 9007, and 9014, and the Solicitation Order, the Debtors provided adequate notice of (a) the time for filing objections to final approval of the Disclosure Statement and confirmation of the Plan, (b) the Joint Hearing to all holders of Claims and Interests and other parties in interest entitled to receive such notice under the Bankruptcy Code and Bankruptcy Rules. No other or further notice of the Joint Hearing or confirmation of the Plan is necessary or required.

### Compliance with Bankruptcy Code § 1125

D.     <u>Final Approval of Disclosure Statement</u>.  On a final basis, the Disclosure Statement complies with the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules and contains "adequate information" as such term is defined in Bankruptcy Code § 1125(a).

### Compliance with Bankruptcy Code § 1129

E.     <u>Burden of Proof</u>.  A plan proponent has the burden to prove the requirements of confirmation by a preponderance of the evidence.[3]  The Debtors have satisfied their burden of proof with respect to their request for confirmation of the Plan.

F.     <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(1).  Congress enacted Bankruptcy Code § 1129(a)(1) to ensure that a plan complies with the Bankruptcy Code's provisions regarding classification of claims and interests (11 U.S.C. § 1122) and the contents of a plan (11 U.S.C. § 1123).[4]  These provisions are discussed in the following paragraphs.

---

[3] *In re Young Broad. Inc.*, 430 B.R. 99, 128 (Bankr. S.D.N.Y. 2010) ("The proponent of a proposed plan bears the burden of proving essential elements of confirmation by a preponderance of the evidence").

[4] *See* S. Rep. No. 95-989, at 126 (1971), *reprinted in* 1978 U.S.C.C.A.N. 5787; H.R. Rep. No. 95-595, at 412 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963; *see also Kane v. Johns-Manville Corp.*, 843 F.2d 636, 648 (2d Cir. 1988).

G.     The Plan complies with the classification requirements of the Bankruptcy Code. Classification of claims and interests is governed by Bankruptcy Code § 1122, which provides that "a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. § 1122(a). This section does not require that claims or interests within a particular class be identical.[5]  A plan proponent has flexibility in classifying claims, so long as the proponent has some reasonable basis for the classification or the creditor agrees to it.[6]

H.     Under the Plan, the Claims or Interests within each Class are substantially similar to the other Claims or Interests within that Class. The Plan classifies Claims and Interests as follows:

| Class | Claims and Interests | Status | Voting Rights |
| --- | --- | --- | --- |
| 1 | Priority Non-Tax Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Miscellaneous Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | SWK Secured Claims | Impaired | Entitled to Vote |
| 4 | SWK Deficiency Claims | Impaired | Entitled to Vote |
| 5 | General Unsecured Claims | Impaired | Entitled to Vote |
| 6 | Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 7A | Century Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 7B | Other Subordinated Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |

I.     Valid business, legal, and factual reasons exist for the separate classification of each of these Classes of Claims and Interests, and there is no unfair discrimination or gerrymandering between or among the holders of Claims and Interests. Classifying and treating Priority Non-Tax

---

[5] *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC), 2016 WL 4411433, at *96 (Bankr. S.D.N.Y. Aug. 18, 2016).

[6] *See id.*

Claims, Miscellaneous Secured Claims, SWK Secured Claims, SWK Deficiency Claims, General Unsecured Claims, Interests, Century Claims, and Other Subordinated Claims differently is reasonable and appropriate under the circumstances of these Chapter 11 Cases.  All Claims and Interests within each Class under the Plan are substantially similar and are afforded equal and reasonable treatment, or the claimant has agreed to the classification.  Accordingly, the classification of Claims and Interests under the Plan satisfies the requirements of Bankruptcy Code § 1122.

J.      The Plan Complies with Bankruptcy Code § 1123.  In accordance with Bankruptcy Code § 1123(a), the Plan: (1) designates Classes of Claims and Interests, other than Claims of a kind specified in Bankruptcy Code §§ 507(a)(2), 507(a)(3), or 507(a)(8); (2) specifies Classes of Claims that are not Impaired under the Plan; (3) specifies the treatment of Classes of Claims and Interests that are Impaired under the Plan; (4) provides the same treatment for each Claim or Interest of a particular Class, unless the Holder of a particular Claim or Interest of a particular Class agrees to less favorable treatment of its respective Claim or Interest; (5) provides for adequate means for the Plan's implementation; (6) is a liquidating plan, and accordingly, (a) provides for the cancelation, termination, and extinguishment of the Interests in the Debtors, (b) does not provide that any Holder of Claims or Interests, or any other Person will receive equity or other interests in the Debtors, (c) does not provide for either the Debtors or the Liquidating Trust to issue securities other than the Liquidating Trust Interests (which are not equity securities) to any Person, and (d) provides for the termination of all directors, officers, and/or managers of any of the Debtors; and (7) contains only provisions that are consistent with the interests of Holders of Claims and Interests and with public policy with respect to the manner of selection of the Liquidating Trustee on and after the Effective Date.  The relief provided in the Plan is fair and

necessary for the orderly implementation of the Plan and the administration of the Estates. Therefore, the Plan satisfies the requirements of Bankruptcy Code § 1123(a) and (b).

K.    Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).  In accordance with Bankruptcy Code § 1129(a)(2), the Debtors have complied with the applicable provisions of the Bankruptcy Code.  The Debtors are proper debtors under the Bankruptcy Code § 109.  The Debtors have complied with the applicable provisions of the Bankruptcy Code (including §§ 1122, 1123, 1124, 1125, 1126, and 1128), the Bankruptcy Rules (including Bankruptcy Rules 3017, 3018, and 3019), and the Solicitation Order in transmitting the Plan, the Disclosure Statement, the Ballots, and all related documents and notices, and in soliciting and tabulating votes on the Plan.

L.    Votes to accept or reject the Plan were properly solicited by the Debtors and their attorneys and agents after the Court approved the adequacy of the Disclosure Statement, on a preliminary basis, pursuant to Bankruptcy Code § 1125(a).

M.    The Debtors and their respective attorneys and agents and the Post-Petition Principals, as that term is defined in paragraph 15 below, have solicited and tabulated votes on the Plan and have participated in the activities described in the Bankruptcy Code § 1125 fairly, in good faith, within the meaning of Bankruptcy Code § 1125(e), and in a manner consistent with the applicable provisions of the Solicitation Approval Order, the Disclosure Statement Order, the Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable laws, rules, and regulations and are entitled to the protections afforded by Bankruptcy Code § 1125(e) and the exculpation provisions set forth in Article VIII of the Plan.

N.    The Debtors and their respective advisors, attorneys, and agents have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and, therefore, are not, and

on account of such distributions will not be, liable at any time of the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or Distributions made pursuant to the Plan, so long as such Distributions are made consistent with and pursuant to the terms of the Plan.

O.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).    To be confirmed, a plan must have been "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3).    A plan is proposed in good faith if there is a reasonable likelihood that the plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code.[7] The requirement of good faith "must be viewed in light of the totality of the circumstances surrounding the establishment of a Chapter 11 plan."[8]

P.    The Plan is proposed in good faith and not by any means forbidden by law.    The Debtors filed these Chapter 11 Cases with the legitimate and honest purpose of developing an orderly process to compensate legitimate claimants while maximizing value.    In accordance with Bankruptcy Code § 1129(a)(3), the Debtors have proposed the Plan in good faith and not by any means forbidden by law.    The treatment of holders of Claims and Interests contemplated by the Plan was negotiated and consummated at arm's-length, without collusion, and in good faith.    In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan and the solicitation of votes to accept or reject the Plan.    Furthermore, the Plan represents extensive arm's-length negotiations among

---

[7] *In re Chassix Holdings, Inc.*, 533 B.R. 64, 74 (Bankr. S.D.N.Y. 2015).

[8] *In re Genco Shipping & Trading Ltd.*, 513 B.R. 233, 261 (Bankr. S.D.N.Y. 2014).

the Debtors and other parties in interest, as well as their respective legal and financial advisors, and reflects the best interests of the Debtors' Estates and Holders of Claims and Interests.

Q.    Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).    In accordance with Bankruptcy Code § 1129(a)(4), all payments and distributions, made or to be made by the Debtors or the Liquidating Trustee for services or for costs and expenses in, or in connection with, these Chapter 11 Cases, or in connection with the Plan and incident to these Chapter 11 Cases, have been approved by, or are subject to the approval of, the Court as reasonable, unless otherwise ordered by the Court.

R.    Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).    The Debtors have complied with Bankruptcy Code § 1129(a)(5).  The Persons that must be identified pursuant to Bankruptcy Code § 1129(a)(5) have been identified in the Liquidating Trust Agreement and/or Plan Supplement.  The appointment of such Persons is consistent with the interests of creditors and with public policy.

S.    No Rate Change (11 U.S.C. § 1129(a)(6)).    In accordance with Bankruptcy Code § 1129(a)(6), the Debtors are not subject to any governmental regulations of any rates.

T.    Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).    Bankruptcy Code § 1129(a)(7), the "best interest of creditors test," requires that, with respect to each impaired class, each holder of a claim or interest in the class:

    i.    Has accepted the plan; or

    ii.    Will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

9

U.      The evidence presented by the Debtors at the Joint Hearing, and other evidence admitted at the Joint Hearing establish that the requirements of Bankruptcy Code § 1129(a)(7) are satisfied by the Plan.  In accordance with Bankruptcy Code § 1129(a)(7), with respect to Classes of Impaired Claims or Impaired Interests, each Holder of a Claim or Interest has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

V.      <u>Acceptance or Rejection of Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  Holders of Claims in Classes 1 and 2 are not Impaired, and are conclusively presumed to have accepted the Plan.  Holders of Claims in Classes 3, 4, and 5 are Impaired, and as demonstrated by the Voting Certification, those Classes have accepted the Plan in accordance with Bankruptcy Code § 1126(c).  Classes 6, 7A, and 7B are Impaired.  Holders of Interests in Class 6 and Claims in Classes 7A and 7B are not entitled to receive or retain any property under the Plan and are thus deemed to have rejected the Plan.

W.      <u>Treatment of Administrative, Priority, and Tax Claims (11 U.S.C. § 1129(a)(9))</u>.  The Plan's treatment of Claims of a kind specified in Bankruptcy Code §§ 507(a)(1) through (8) satisfies the requirements set forth in Bankruptcy Code § 1129(a)(9).

X.      <u>Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10))</u>.  In accordance with Bankruptcy Code § 1129(a)(10), at least one Class of Claims that is Impaired under the Plan has voted to accept the Plan, without including acceptances of the Plan by any insider.

Y.      <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The evidence proffered or adduced at the Joint Hearing with respect to feasibility (1) is persuasive, credible, and accurate as of the dates such analysis was prepared, presented, or proffered, (2) utilizes reasonable and appropriate

methodologies and assumptions, (3) has not been controverted by other evidence, (4) establishes that confirmation of the Plan is not likely to be followed by the need for further financial liquidation of the Liquidating Trust except with respect to such liquidation proposed in the Plan, and (5) establishes that the Liquidating Trust will have sufficient funds available to meet its obligations under the Plan. Thus, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(11).

Z.    Payment of Fees (11 U.S.C. § 1129(a)(12)). In accordance with the Bankruptcy Code, all fees payable on or before the Effective Date (i) pursuant to 28 U.S.C. § 1930, together with interest, if any, pursuant to 31 U.S.C. § 3717, and (ii) to the United States Trustee, shall be paid by the Debtors on or before the Effective Date. All such fees payable after the Effective Date shall be paid by the Liquidating Trustee until the Chapter 11 Cases are closed, converted, or dismissed.

AA.    Other Provisions of 11 U.S.C. § 1129(a). The provisions of 11 U.S.C. §§ 1129(a)(13), (a)(14), (a)(15), and (a)(16) are not applicable to the Debtors.

BB.    No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)). Class 6 is an Impaired Class of Interests that is deemed to have rejected the Plan pursuant to Bankruptcy Code § 1126(g). Classes 7A and 7B are Impaired Classes of Claims that are deemed to have rejected the Plan pursuant to Bankruptcy Code § 1126(g). Classes 6, 7A, and 7B are the sole classes that have not voted to accept the Plan or been presumed to accept the Plan. The Plan does not discriminate unfairly and is fair and equitable with respect to Classes 6, 7A, and 7B, as required by Bankruptcy Code 11 U.S.C. §§ 1129(b)(1) and (2).

CC.    Class 6 Interests. With respect to a class of interests, "fair and equitable" includes the requirement that either (i) each impaired equity interest receive or retain, on account of that

11

equity interest, property of a value equal to the greater of the allowed amount of any fixed liquidation preference to which the holder is entitled, any fixed redemption price to which the holder is entitled, or the value of the equity interest, or (ii) the holder of any equity interest that is junior to the equity interest of that class will not receive or retain under the plan, on account of that junior equity interest, any property. *See* 11 U.S.C. § 1129(b)(2)(C).

DD.    The Debtors' Interests have no value. Accordingly, by providing Holders of Interests with no consideration under the Plan, the first prong of Bankruptcy Code § 1129(b)(2)(C) is satisfied. In addition**,** there are no classes of Interests junior to those in Class 6; thus, the Plan does not contemplate distributing any property to any Holders of Interests junior to the Interests classified in Class 6. Accordingly, the second prong of Bankruptcy Code § 1129(b)(2)(C) is satisfied.

EE.    Class 7A and 7B Claims. With respect to a class of claims, "fair and equitable" includes the requirement that either (i) each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim, or (ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property. *See* 11 U.S.C. § 1129(b)(2)(B).

FF.    There are no classes of Claims that are junior to those in Classes 7A and 7B. In addition, the Holders of Interests in Class 6 will not retain or receive any property under the Plan. Accordingly, Bankruptcy Code § 1129(b)(2)(B) is satisfied.

GG.    Therefore, the Plan may be confirmed as to Classes 1, 2, 3, 4, 5, 6, 7A, and 7B. Upon the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes of Claims and Interests.

HH.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  Other than the Plan (including previous versions thereof), no other plan has been filed in these Chapter 11 Cases.  Accordingly, the requirements of Bankruptcy Code § 1129(c) have been satisfied.

II.    <u>Principal Purpose (11 U.S.C. § 1129(d))</u>.  No Person, including, but not limited to, the U.S. Securities and Exchange Commission (the "<u>SEC</u>") or any other governmental authority, has requested that the Court deny Confirmation on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of section 5 of the 1933 Act.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the 1933 Act.

JJ.    <u>Exemptions from Recording, Stamp, and Similar Taxes (11 U.S.C. § 1146(a))</u>.  In accordance with Bankruptcy Code § 1146(a), the issuance, transfer, or exchange of any security, and the making or delivery of any instrument of transfer under or pursuant to the Plan shall not be subject to any stamp or similar tax, including document recording tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, or other similar recordation fee or governmental assessment.

### Substantive Consolidation of the Debtors

KK.    The Plan served as a motion by the Debtors for the substantive consolidation of the Debtors and their Estates.  The Plan and Disclosure Statement provided clear, noticeable, and adequate notice to Creditors that a vote in favor of Confirmation of the Plan constituted consent to the substantive consolidation of the Debtors and their Estates.

LL.    The substantive consolidation of the Debtors into Hooper Holmes is appropriate and in the best interests of Creditors of the Debtors' Estates because of, among other things (i) the unity of ownerships by Hooper Holmes, directly or indirectly, in all of the other Debtors; (ii) the

Debtors' consolidated financial statement which present the Debtors' operations as one reporting segment; (iii) the commingling of assets and liabilities as one business entity for the purpose of servicing all of the Debtors operations; (iv) the co-obligation of all of the Debtors under the Prepetition Debt Facilities; and (v) the substantial efforts and costs that would be required to untangle the Debtors' assets by Debtor.

### Authorizations and Transfers Pursuant to the Plan

MM.    <u>Settlement and Releases</u>.  Except as otherwise provided in the Plan, pursuant to Bankruptcy Code § 363 and Bankruptcy Rule 9019, and in consideration for the classification, distribution, and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, Interests, and controversies resolved pursuant to the Plan.

NN.    <u>Legal Binding Effect</u>.  The provisions of the Plan will bind all Holders of Claims and Interests and their respective successors and assigns, whether or not they have voted to accept the Plan.

OO.    <u>Exculpation</u>.  The exculpation provisions of the Plan are an integral part thereof and represent a valid exercise of the Debtors' business judgment.  Pursuing any claims against the post-petition officers and directors of the Debtors, the Debtors' Professionals, the Creditors' Committee, the members of the Creditors' Committee, and the Creditors' Committee's Professionals, is not in the best interests of the Debtors' Estates and various constituencies, as the costs involved likely would outweigh any potential benefit from pursuing such claims if any such claims existed.  Accordingly, the compromises and settlements embodied in the exculpation provisions described in Article VIII of the Plan are reasonable and appropriate.

PP.    <u>Issuance of Liquidating Trust Interests</u>.    The issuance and distribution of

14

Liquidating Trust Interests in accordance with the provisions of the Plan are reasonable and necessary.

QQ.    Transfer of the Liquidating Trust Interests.  The Debtors' transfer of the Liquidating Trust Assets (including, but not limited to, the Causes of Action) to the Liquidating Trust on the Effective Date in accordance with the Plan and the Liquidating Trust Agreement is reasonable and necessary and made in accordance with applicable state law and applicable provisions of the Bankruptcy Code, including Bankruptcy Code §§ 363(b) and 1123(b).

RR.    Rejection of Executory Contracts and Unexpired Leases.    The rejection of executory contracts and unexpired leases pursuant to the Plan and this Order is (i) a sound and reasonable exercise of Debtors' business judgment, (ii) in the best interests of the Debtors, their Estates, Holders of Claims and Interests, and (iii) necessary for the implementation of the Plan.

SS.    Plan Documents Valid and Binding.  All other documents reasonably necessary to implement the Plan, including, without limitation, the Liquidating Trust Agreement, have been negotiated in good faith and at arm's length, shall be, upon execution on or after the Effective Date, valid, binding, and enforceable agreements, and are in the best interests of the Debtors and their Estates and have been negotiated in good faith and at arm's length.

TT.    Compliance with Bankruptcy Rule 3016.  In accordance with Bankruptcy Rule 3016(a), the Plan is dated and the Debtors that submitted it and filed it are appropriately identified. The filing of the Disclosure Statement with the clerk of this Court satisfies Bankruptcy Rule 3016(b).

## The Liquidating Trust Is Not a Successor to the Debtors

UU.    Save and except for purposes of compliance with Bankruptcy Code § 1145, the Liquidating Trust and its affiliates, successors, or assigns is not, as a result of actions taken in

connection with the Plan, a successor to any of the Debtors or a continuation or substantial continuation of any of the Debtors or any enterprise of any of the Debtors. The Liquidating Trust shall be deemed to be a successor to the Debtors only for purposes of compliance with Bankruptcy Code § 1145 and for no other reason under any state or federal law.

## Miscellaneous Provisions

VV. <u>Best Interests</u>. Confirmation of the Plan is in the best interests of the Debtors and their Estates.

WW. <u>Findings of Fact and Conclusions of Law on the Record</u>. All findings of fact and conclusions of law announced by this Court on the record in connection with confirmation of the Plan or otherwise at the Joint Hearing are incorporated herein by reference. To the extent that any of the findings of fact or conclusions of law constitutes an order of this Court, they are adopted as such.

## NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. <u>Final Approval of Disclosure Statement</u>. The Disclosure Statement is approved on a final basis as containing "adequate information" under Bankruptcy Code § 1125.

2. <u>Confirmation of Plan</u>. The Plan is approved and confirmed under Bankruptcy Code § 1129. The Plan is valid and enforceable pursuant to its terms, and the terms of the Plan are incorporated by reference into and are an integral part of this Order.

3. <u>Objections Overruled</u>. All objections that have not been withdrawn, waived, or settled are overruled on the merits.

4. <u>Approval of Plan Documents</u>. The form and substance of the Plan Documents, as reflected in the Plan Supplement or otherwise (including all exhibits and attachments thereto and documents referred to therein), including without limitation, the Liquidating Trust Agreement, is

16

hereby approved. The execution, delivery, and performance by the Debtors, the Liquidating Trustee, and the Liquidating Trust of the Plan Documents are authorized and approved without the need for further corporate or other organizational action or further order or authorization of the Court. The Debtors are authorized and empowered to make any and all modifications to any and all documents included as part of the Plan and Plan Supplement that may be agreed to by the parties thereto and that are consistent with the Plan and the terms of this Order.

5.    _Authority_. The Debtors, the Liquidating Trustee, and the Liquidating Trust are authorized and empowered to take such actions and do all things as may be necessary or required to implement and effectuate the Plan, the transfer to the Liquidating Trust of the Liquidating Trust Assets, the Liquidating Trust Agreement, and this Order. All actions and transfers contemplated under the Plan, including but not limited to, any certificates, agreements or other documents or instruments to be executed in connection with the transfer and assignment of the Liquidating Trust Assets to the Liquidating Trust free and clear of interests, Claims, Liens, and encumbrances shall be authorized upon entry of this Order without the need of further approvals, notices or meetings of the Debtors' directors, officers, managers, and/or members.

6.    _Substantive Consolidation; Merger_. Substantive consolidation of the Debtors and their Estates pursuant to Sections 4.2, 4.3, and 4.4 of the Plan is approved. On the Effective Date, (a) the assets, Claims, and affairs of the Debtors and their respective Estates shall be substantively consolidated into the Estate of Hooper Holmes pursuant to Bankruptcy Code § 105(a) for all purposes; (b) all assets and liabilities of the Debtors and their Estates shall be deemed pooled for voting and Distribution purposes; and (c) substantive consolidation shall constitute the _de facto_ merger of the other Debtors into Hooper Holmes.

7.    <u>Approval of Liquidating Trust Agreement</u>.  The Liquidating Trust Agreement is approved, and the Debtors, the Liquidating Trustee, and the Liquidating Trust are authorized to take all actions contemplated under the Liquidating Trust Agreement, including, without limitation, making appropriate modifications that do not materially affect substantive rights.

8.    <u>Settlements</u>.  Each settlement embodied in the Plan and this Order between the Debtors and Holders of Claims and Interests is approved in all respects.

9.    <u>Plan Classification Controlling</u>.    The terms of the Plan shall govern the classification of Claims and Interests for purposes of the Distributions to be made thereunder.  The classifications set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; and (b) shall not be binding on the Debtors except for voting purposes.

10.    <u>Preservation of Causes of Action</u>.  The provisions of Section 6.20 of the Plan are hereby approved in their entirety, including, without limitation, Section 6.20's incorporation by reference of all Causes of Action listed on Exhibit B to the Disclosure Statement.  The Debtors, the Liquidating Trust, and the Liquidating Trustee, as applicable, expressly reserve all rights to prosecute any and all of their respective Causes of Action against any Person, except as otherwise expressly provided in the Plan.  Unless any Causes of Action against a Person are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Court order, the Debtors, the Liquidating Trust, and the Liquidating Trustee, as applicable, expressly reserve all of their respective Causes of Action for later adjudication.

11.    <u>Liquidating Trust Assets; Abandonment</u>.  The property of the Debtors' Estates will not re-vest in the Debtors on or after the Effective Date.  Except as otherwise set forth in the Plan or this Order, all property of the Estate constituting the Liquidating Trust Assets shall be conveyed

18

and transferred by the Debtors to the Liquidating Trust on the Effective Date, free and clear of all interests, Claims, Liens, and encumbrances, but subject to the Liquidating Trust's obligations under the Plan and the Liquidating Trust Agreement.  Except as otherwise set forth in the Plan, from and after the Effective Date, the Liquidating Trust shall perform and pay when due liabilities under, or related to the ownership or operation of, the Liquidating Trust Assets.

12.    <u>Privileges of the Debtors</u>.  "Privilege" for the purposes of this Order means the attorney-client privilege, work product protections, or other immunities (including, without limitation, those related to common interests or joint defense with other parties), or protections from disclosure of any kind held by the Debtors, the Debtors' Board of Directors or any subcommittee thereof, or their Estates.  Effective as of the Effective Date, all Privileges of the Debtors, including those relating to the Liquidating Trust Assets, shall be deemed transferred, assigned, and delivered to the Liquidating Trust, without waiver or release, and shall vest with the Liquidating Trust.  The Liquidating Trustee shall hold and be the beneficiary of all such Privileges and shall be vested with the sole power and authority to waive such Privileges for the joint benefit of the Debtors and the Liquidating Trust.  No such Privilege shall be waived by disclosures to the Liquidating Trustee of the Debtors' documents, information, or communications subject to any Privilege.  The Debtors' Privileges, including those relating to the Liquidating Trust Assets, will remain subject to the rights of third parties under applicable law, including any rights arising from the common interest doctrine, the joint defense doctrine, joint attorney-client representation, or any agreement.  Nothing contained herein, nor any Professional's compliance herewith, shall constitute a breach of any Privileges of the Debtors.

13.    <u>Liquidating Trustee</u>.  The Liquidating Trustee is authorized to take the actions contemplated by the Plan, the Liquidating Trust Agreement, and this Order; and to the extent authorized by the Plan Documents:

  a.  The Liquidating Trustee shall be permitted to pay his or her fees and expenses and the fees and expenses of his or her professionals for services rendered in connection with these Chapter 11 Cases and the Liquidating Trustee's appointment under the Plan, the Liquidating Trust Agreement, and this Order to the extent permitted by the Plan, the Plan Supplement, and the Liquidating Trust Agreement.

  b.  Such payments shall be made by the Liquidating Trust from the Liquidating Trust Administrative Expenses Reserve and, in the Liquidating Trustee's discretion, from available moneys of the Liquidating Trust, in accordance with the Plan and the Liquidating Trust Agreement.

14.    <u>Rejection of Executory Contracts and Unexpired Leases</u>.  Except to the extent (a) the Debtors previously assumed, and (if applicable) assigned, or rejected an executory contract or unexpired lease or (b) prior to the Effective Date, the Court has entered an order authorizing the assumption, and (if applicable) assignment, of an executory contract or unexpired lease, the Debtors' executory contracts and unexpired leases shall be deemed rejected on the Effective Date, pursuant to Bankruptcy Code §§ 365(a) and 1123(b)(2).

15.    <u>Legal Binding Effect</u>.  The provisions of the Plan shall bind all holders of Claims and Interests and their respective successors and assigns, whether or not they accept they Plan.

16.    <u>Exculpation and Limitation of Liability</u>.  **Notwithstanding anything to the contrary in the Plan, the post-petition officers and directors of the Debtors, the Debtors' Professionals, the Creditors' Committee, the members of the Creditors' Committee, and the Creditors' Committee's Professionals shall not have or incur any liability to any Holder of a Claim or Interest for any act, event, or omission in connection with, or arising out of, the Chapter 11 Cases, formulating, negotiating, soliciting, preparing, disseminating, confirming, or implementing the Plan, consummating the Plan, or the administration of the Plan or the**

**property to be distributed under the Plan; provided, however, that no such party shall be released from any act or omission that constitutes fraud, gross negligence, intentional breach of fiduciary duty, willful misconduct or any criminal act, as determined by a Final Order, and nothing in the Plan shall limit the liability of professionals to their clients under applicable state or federal laws or rules regulating the conduct of such Professionals, including, without limitation, N.Y. Comp. Codes R. & Regs. tit. 22 Section 1200.8 Rule 1.8(h)(1) (2009).**

17.    <u>Exemptions from Certain Taxes</u>.  In accordance with Bankruptcy Code § 1146(a), none of the transfers of property under or pursuant to the Plan, the release of any mortgage, deed of trust or other Lien, the making, assignment, filing, or recording of any lease or sublease, the transfer of title to or ownership of any of the Debtors' interests in any property, or the making or delivery of any deed, bill of sale, or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including the releases of Liens contemplated under the Plan, shall be subject to any document recording tax, stamp tax, conveyance fee, sales or use tax, bulk sale tax, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee or other similar tax or governmental assessment in the United States.  Federal, state, and/or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any tax or governmental assessment.

18.    <u>Exemption from Securities Laws</u>.  To the extent constituting securities under the 1933 Act, the Liquidating Trust Interests offered, sold, issued, and/or distributed pursuant to the Plan are deemed to have been offered, sold, issued and distributed pursuant to

Bankruptcy Code § 1145.  Pursuant to Bankruptcy Code § 1145, the exemption of the offer and sale of securities from the registration requirements of the 1933 Act, and any state or local law requiring registration for the offer or sale of a security, applies with respect to the Liquidating Trust Interests distributed pursuant to the Plan, to the extent constituting securities under the 1933 Act.  Without limiting the generality of the foregoing, the offer, sale, issuance, and distribution of the Liquidating Trust Interests to claimants pursuant to the Plan are and shall be exempt from the requirements of Section 5 of the Securities Act and any state or local law requiring registration for offer or sale of a security or registration or licensing of an issuer, broker, or dealer thereof pursuant to Bankruptcy Code § 1145(a).

19.    <u>Injunctions and Automatic Stay</u>.  Unless otherwise provided in the Plan or in this Order, all injunctions or stays in effect in these Chapter 11 Cases pursuant to Bankruptcy Code §§ 105 or 362 or any order of the Court entered as of the Confirmation Date (excluding any injunctions or stays contained in the Plan or this Order) shall remain in full force and effect through and including the Effective Date.  All injunctions or stays contained in the Plan or this Order shall remain in full force and effect in accordance with their terms.

20.    <u>Cancellation of Securities</u>.  Unless otherwise provided for in the Plan, on the Effective Date, all promissory notes, stock, instruments, indentures, bonds, agreements, certificates or other documents evidencing, giving rise to, or governing any Interest in, or debt obligation of, the Debtors shall be deemed canceled and shall represent only the right, if any, to participate in the Distributions contemplated by the Plan.  Except as otherwise provided in the Plan, the obligations of the Debtors thereunder or in any way related thereto shall be fully released, terminated, extinguished, and discharged and, with respect to the Interests in the Debtors, retired and hereafter cease to exist, in each case without further notice to or order of the Court, act, or

action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by any Person.

### **Miscellaneous Provisions**

21.    <u>Reservation of Rights</u>.  Prior to the Effective Date, none of the filing of the Plan, any statement or provision contained herein or the taking of any action by the Debtors with respect to this Plan shall be or shall be deemed to be an admission or waiver of any rights of the Debtors of any kind, including with respect to the Holders of Claims or Interests or as to any treatment or classification of any contract or lease.

22.    <u>Notice of Effective Date</u>.  On or before five (5) Business Days after the occurrence of the Effective Date, the Liquidating Trustee shall file on the docket of the Chapter 11 Cases a notice of the entry of this Order, the occurrence of the Effective Date, and such other matters as the Liquidating Trustee deems appropriate or as may be ordered by the Court.

23.    <u>Waiver or Estoppel</u>.  Each Holder of a Claim or an Interest shall be deemed to have waived any right to assert any argument, including, without limitation, the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, Secured, or not subordinated, by virtue of an agreement made with the Debtors or their counsel, or any other Person, if such agreement was not disclosed in the Plan, the Disclosure Statement, or papers Filed with this Court prior to the Confirmation Date.

24.    <u>References to Plan Provisions</u>.  Any failure specifically to include or reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be confirmed in its entirety (except as otherwise modified in this Order).

25.    <u>Reversal</u>.  If any or all of the provisions of this Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order.  Notwithstanding any such reversal, modification, or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan or any amendments or modifications thereto.

26.    <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to Bankruptcy Code §§ 1123(a) and 1142(a), the provisions of this Order, the Plan, or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

27.    <u>Modification of the Plan Prior to Substantial Consummation</u>.    After the Confirmation Date and prior to the Effective Date, the Debtors may, with the consent of the Creditors' Committee, under Bankruptcy Code § 1127(b), (i) amend the Plan so long as such amendment shall not materially and adversely affect the treatment of any Holder of a Claim; (ii) institute proceedings in the Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or this Order; and (iii) amend the Plan as may be necessary to carry out the purposes and effects of the Plan so long as such amendment does not materially or adversely affect the treatment of Holders of Claims or Interests under the Plan; <u>provided</u>, <u>however</u>, that prior notice of any amendment shall be served in accordance with the Bankruptcy Rules or order of the Court.

28.    <u>College Crossing EFGH, LLC</u>.    Notwithstanding anything in the Plan or Confirmation Order to the contrary, including but not limited to Sections 6.13 and 10.2(a), (b), (c),

or (e) of the Plan, the Plan shall not prevent College Crossing EFGH, LLC from asserting any right of setoff or subrogation asserted in its proof of claim [Claim No. 20030] and in compliance with either Section 10.2(d)(i) or (ii) of the Plan; provided that any cause of action regarding to College Crossing EFGH, LLC's proof of claim [Claim No. 20030] must be brought before the Bankruptcy Court; provided, further, the Debtors or Liquidating Trustee, as applicable, reserve and do not waive any defenses to such offset or subrogation.

29.    <u>Texas Comptroller of Public Accounts</u>.  Notwithstanding anything in the Plan to the contrary, but with respect to the Texas Comptroller of Public Accounts only, the Plan shall not limit the Texas Comptroller's setoff rights under 11 U.S.C. § 553.  This provision is not an admission by any party that such setoff rights exist and does not limit or waive any defenses of the Debtors or Liquidating Trustee, as applicable, with regards to such setoff right.

30.    <u>Century Equity Partners, LLC</u>.  Nothing contained in this Confirmation Order, the Plan or the Disclosure Statement, including but not limited to the classification of the Century Claims as Class 7A Subordinated Claims under the Plan, shall (a) be *res judicata* in any adversary proceeding asserted against Century by the Liquidating Trustee or (b) collaterally estop Century from (i) asserting any defense to any claim asserted against Century by the Liquidating Trustee or (ii) challenging the validity, enforceability or extent of the Subordination Agreement by and between SWK and Century; provided however, any challenge regarding the Subordination Agreement with respect to the Century Claims, classified as Class 7A Claims under the Plan, may only be asserted upon the conclusion of the litigation initiated by the Creditors' Committee against Century and other parties in the Court captioned as *Complaint to Avoid and Recover Preferential Transfers and Object to Claims* [Adversary Proceeding No. 18-08292]. In the event that the court presiding over the Bankruptcy Cases enters a final Order finding that the Subordination Agreement

is not valid or enforceable against Century, the Century Claims not subject to subordination shall be reclassified as Class 5 General Unsecured Claims in accordance with the Plan.

30.a.    <u>No Need to Re-Solicit</u>.    The foregoing paragraphs 28 – 30, which resolve information objections to confirmation of the Plan, do not constitute material modification of the Plan that would require additional disclosure or resolicitation of the Plan under Bankruptcy Rule 3019.

31.    <u>Conflicts between Plan and Order</u>.    If there is any conflict between the Plan (as supplemented by the Plan Supplement) and this Order, the terms of this Order shall control.

32.    <u>Severability of Plan Provisions</u>.    Each term and provision of the Plan, as may be altered or interpreted, is valid and enforceable pursuant to its terms.

33.    <u>Post-Confirmation Status Reports</u>.    The Debtors or Liquidating Trustee, as applicable, shall file reports on the Debtors' disbursements with the Bankruptcy Court on a quarterly basis, within 15 days after the conclusion of each such period until the entry of a Final Decree closing the Debtors' bankruptcy cases.    Any such reports shall be prepared consistent with (both in terms of content and format) the applicable Bankruptcy Court and United States Trustee's Guidelines for such matters.

34.    <u>Retention of Jurisdiction</u>.    This Court's retention of jurisdiction as set forth in Section 11.1 of the Plan and the standing of the Liquidating Trust to invoke that jurisdiction as set forth in Section 11.2 of the Plan is approved.    Such retention of jurisdiction does not affect the finality of this Order.    For the avoidance of doubt, this Court shall retain jurisdiction over all pending matters, including adversary proceedings.

35.    <u>Non-severable and Mutually Dependent</u>.    The provisions of this Order are non-severable and mutually dependent.

36.    <u>Recordable Form</u>.  This Order shall be, and hereby is, declared to be in recordable form and shall be accepted by any filing or recording officer or authority of any applicable governmental authority for filing and recording purposes without further or additional orders, certifications, or other supporting documents.  Further, the Court authorizes the Liquidating Trustee and the Liquidating Trust, as applicable, to file a memorandum of this Order in any appropriate filing or recording office as evidence of the matters contained herein.

37.    <u>Motion for Final Decree</u>.  Consistent with Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1, within fourteen (14) days following the full administration of the Debtors' Estates, the Liquidating Trustee shall file, on notice to the United States Trustee, an application and a proposed order for a final decree.

38.    <u>Waiver of Stay</u>.  Notwithstanding Bankruptcy Rules 3020(e), 6004(h), and 6006(d) (as applicable), the Debtors shall be authorized to consummate the Plan and the transfers contemplated thereby immediately after entry of this Order, for cause.

39.    <u>Final Order</u>.  This Order is a Final Order, and the period in which an appeal must be filed shall commence upon entry of this Order.

Dated: January 31, 2019
      White Plains, New York


                           /s/Robert D. Drain
                           HONORABLE ROBERT D. DRAIN
                           UNITED STATES BANKRUPTCY JUDGE